

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER                          C-1-00-739

      Plaintiff                          Judge S. Arthur Spiegel

vs

THE E. W. SCRIPPS COMPANY

      Defendant(s)

## MOTION FOR LEAVE TO PROCEED
## IN FORMA PAUPERIS

      Now comes the Plaintiff requesting the Court accept and grant this

Motion and the attached Affidavit in Support of Motion to Proceed In

Forma Pauperis.

      As the Plaintiff is unemployed and symptoms of clinical depression

have recently been exacerbated, she petitions the District Court grant

permission to proceed In Forma Pauperis purusant to 28 USC §1915. A

Notice of Appeal to the Sixth Circuit Court of Appeals is already on file.

Recognizing the appointment of counsel to civil litigants is a decision at the discretion of District Court -- the Plaintiff requests the Court refer her case to the Volunteer Lawyers Project at the Legal Aid Society of Cincinnati. Unable to find an attorney willing to take employment law cases on contingency and financially unable to hire an attorney -- the Plaintiff has vainly attempted to manage her cases (including C-1-00-977), but is too ill to continue.

After speaking briefly with Krista Lohr at VLP and employees in Office of the Clerk, U.S. District Court, the Plaintiff now files this motion requesting the Court to appoint counsel. Continuing without counsel risks the an unfair advantage over the Plaintiff (in terms of fundamental unfairness as to due process) since the Defendant, The E. W. Scripps Company, a lucrative multi-media empire by contrast has a prestigious law firm (Baker & Hostetler) on retainer.

The requisite affidavit is attached.

Respectfully submitted,

*Carmen Carter*

Carmen Carter
Plaintiff
419 Probasco Street #7
Cincinnati, OH 45220
(513) 751-5076

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been
served by ordinary U.S. mail December 25, 2003, upon David Holcombe,
Baker & Hostetler, 312 Walnut Street, Cincinnati, OH 45202 -- attorney for
the Defendant, The E. W. Scripps Company.

*Carmen Carter*

Carmen Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


CARMEN CARTER                          C-1-00-739

      Plaintiff                          Judge S. Arthur Spiegel

vs

THE E. W. SCRIPPS COMPANY

      Defendant(s)

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I, Carmen Carter, being first duly sworn, depose and say that I am the Plaintiff in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, costs or give security therefore, I state that because of my indigence I am unable to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to redress; and that the issues I wish to present are the following:

(1)    U.S. District Court lacked jurisdiction under Allis-Chalmers Corp. v Lueck (471 U.S. 202) because The E. W. Scripps Company, Defendant, does not meet the standards of the case under USC 29 Labor Management Relations Act;

(2)    The Plaintiff's original state complaint (A0004831) executes the statutory right seeking vacatur of the arbitration award for arbitrator bias, failure to disclose and fraud (i.e., perjured testimony leading to the award); Thus, under Ohio Revised Code 2711, the state of Ohio theoretically has jurisdiction.

(3)    The arbitrator exceeded his authority by ignoring the federal Americans with Disabilities Act in manifest disregard of the law.

(4)    The arbitration proceeding resulted in violation of Plaintiff's substantial rights (i.e., right to due process) -- which is a Federal jurisdiction matter.

(5)    The Cincinnati Newspaper Guild merely provided perfunctory arbitration representation.

(6)    The Court failed to adjudicate matters raised in Plaintiff's Motion for Summary Judgment (document 75);

(7)    Excusable neglect as defense to Plaintiff's inability to respond to the Magistrate's Report and Recommendations; and other orders in the entitled case as deemed by Plaintiff's future counsel.

(8)    Any other issues the Plaintiff's future Counsel deems.

I further swear that the statements made below relative to my ability to pay the cost of prosecuting the appeal are true:

1.    I am not employed. I last worked for the United States Postal Service between July and October 2003 at $10 per hour for $400 per week before taxes.

2.    I have not been self employed in the last 12 months, nor have I received income in interest or dividends. Intermittently between January and June I had assignments through the temporary secretarial agency Tempo Help Inc. (Chillicothe, OH) at an hourly rate ranging of $10 to $13 depending on the assignment. An assignments could be a few weeks or be considered an indefinite assignment.

3.    I do not have a checking or savings account.

4.    I do not own any real estate, stocks, bonds, or notes. However, I own a 1991 Mercury Topaz.

5.    I have no dependents.

6.    Earlier this year, I was evicted from the two-story townhouse, which had been my home for 12 years. I subsequently moved to a one-bedroom apartment. A series of documents relevant to this case were lost in the course of moving. Underemployment and unemployment, as well as the difficulty of managing this case and its sibling C-1-00-977. I had just started an assignment with the U.S. Postal Service, when my father died in July. Since then, the symptoms of clinical depression have been exasperated and I have filed application for Social Security Disability and SSI.

I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

_____
Carmen Carter

SUBSCRIBED AND SWORN TO before me this 25th day of December 2003.

STATE OF OHIO    :
                 :  ss
COUNTY OF HAMILTON :

_____
DEDRICK C. DODDY
Notary Public, State of Ohio
My Commission Expires Nov. 25, 2008

Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefor.

_____