IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER                           C-1-00-739

    Plaintiff                           Judge S. Arthur Spiegel

vs

THE E. W. SCRIPPS COMPANY

    Defendant

## MOTION TO VACATE COURT ORDER

Now comes Plaintiff, Carmen Carter, pursuant to Federal Rules of Civil Procedure 60(b)(1) beseeching the Court vacate its judgment granting summary judgment to the Defendant, The E. W. Scripps Company.

Under this rule -- providing relief from judgments or orders -- a litigant may seek relief for the following reasons: mistakes, inadvertence, surprise, or excusable neglect.

It further requires the motion be made not more than one year after the judgment, order, or proceeding was entered or taken.

Given that the order granting summary judgment to the Defendant is dated October 16, 2003, this motion is timely filed.

1

The Sixth Circuit Court of Appeals has a history of focusing on whether the movant has engaged in "culpable conduct". In Amernational Industries v Action-Tungsram, Inc. 925 F.2d 970 (6th Cir. 1991), the Court concluded that in order for conduct to rise to the level of "culpable" for the purposes of a motion to vacate a default judgment, the "conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Id at 978 (quoting <u>INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 399 (6th Cir. 1987)</u>).

In the Amernational case, the defendant repeatedly failed to comply with discovery requests and to pay court-imposed sanctions, but the Court nevertheless concluded the defendant's conduct did not rise to the level of culpability and vacated the default judgment. Id at 972-973.

Since the withdrawal of the law firm Clodfelter & Gutzwiler, the Plaintiff has been financially unable to retain counsel. Confronted with the difficulty of finding a law firm to take Plaintiff's cases (including C-1-00-977) on contingency -- the Plaintiff has vainly been attempting to manage them herself. Suffering clinical depression since 1996 while in the employ of The Cincinnati Post -- the Plaintiff became too ill to defend

2

herself in Court.

During 2003, the Plaintiff was evicted from her home of 12 years, relocated, lost a series of important documents while moving and has been in the throes of grief since the recent death of her father. These matters collectively rendered the Plaintiff incapable of responding.

In the Amerinational case, the Sixth Circuit Court of Appeals also considered the defendant's lack of reckless disregard for the consequences of its actions constituted excusable neglect as contemplated under Rule 60(b)(1). Id. at 978.

Certainly, this Court recognizes the Plaintiff's illness is the sole reason she failed to respond, rather than any disregard for the consequences.

Some of the issues the Plaintiff wishes to address in a response include:

1) Under Allis-Chalmers Corp. v. Lueck (471 U.S. 202), U.S. District Court lacks jurisdiction because The E. W. Scripps Company does not meet the standards of the case under USC 29 Labor Management Relations Act.

2) The Plaintiff's original state complaint (A0004831) executes the statutory right seeking vacatur of the arbitration award for arbitrator bias, failure to disclose and fraud (i.e., perjured testimony leading to the award); <u>Thus, under Ohio Revised Code 2711, the state of Ohio theoretically should have retained jurisdiction.</u>

3

3) The failure of the Cincinnati Newspaper Guild to choose an arbitrator from a list of Federal Mediation and Conciliation Service arbitrators leaves the Plaintiff without redress over his conduct. The FMCS requires all arbitrators to disclose. Arbitrator Edward Goggin failed to disclose his prior contact with the Defendant.

Arbitrator Goggin had not only been quoted in articles published by the Defendant, he had prior to the Plaintiff's arbitration hearing, been arbitrator in a prior arbitration hearing in Memphis and found in favor of the Defendant.

4) As a result of the arbitrator's failure to disclose, the Plaintiff was deprived of the right to object to him sitting as arbitrator. Code of Professional Responsibility for Arbitrators of Labor-Management Disputes, written and adopted in collaboration with the American Bar Association by the FMCS, the American Arbitration Association and National Academy of Arbitrators, requires arbitrators to disclose.

5) Because Allis-Chalmers Corp. v Lueck has been superseded by Lingle v Norge Division of Magic Chef, Inc. (486 U.S. 399) and the Plaintiff is NOT required to have standing to appeal the tainted award.

6) The arbitrator exceeded his authority by ignoring the federal Americans with Disabilities Act in manifest disregard of the law.

7) The Cincinnati Newspaper Guild merely provided perfunctory arbitration representation.

8) The arbitration award does not emanate from the essence of the contract.

Now unemployed, the Plaintiff has applied for Social Security Disability/SSI. She is also asking the Court allow her to proceed In Forma Pauperis.

4

Although she has filed a Notice of Appeal of the Court's order, the Plaintiff is requesting the Sixth Circuit Court of Appeals stay all proceedings per the outcome of this motion.

In the interim, the Plaintiff is asking the Court to appoint counsel through the Volunteer Lawyer Project at the Legal Aid Society of Cincinnati.

Since this motion requesting the Court to vacate the default judgment will in no way prejudice the case of the Defendant, The E. W. Scripps Company -- the Plaintiff prayerfully request the Court grant this motion pursuant to 60(b)(1).

Respectfully submitted,

*Carmen Carter*
Carmen Carter
419 Probasco Street #7
Cincinnati, OH 45220
(513) 751-5076

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served by ordinary U.S. mail December 25, 2003, upon David Holcombe, Baker & Hostetler, 312 Walnut Street, Cincinnati, OH 45202 -- attorney for the Defendant, The E. W. Scripps Company.

*Carmen Carter*
Carmen Carter