UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CARMEN CARTER,** : | |
| : | CASE NO. C-1-00-739 |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **THE E.W. SCRIPPS COMPANY,** : | **JUDGE SPIEGEL** |
| **PUBLISHER OF THE CINCINNATI** : | |
| **POST AND KENTUCKY POST,** : | |
| : | |
| **Defendant.** : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO VACATE COURT ORDER**

I. **PROCEDURAL BACKGROUND**

Plaintiff filed her pro se Complaint seeking to vacate the decision of Arbitrator Goggin on August 7, 2000. While Plaintiff later obtained an attorney, her attorney withdrew and Plaintiff proceeded to prosecute this case on a pro se basis. Plaintiff's lack of counsel did not interfere with her prosecution of this case, as she filed numerous pleadings with this Court including motions to compel, requests for extensions of time, etc., and responded to pleadings filed by Defendant.

After the parties concluded discovery, Defendant filed a timely Motion for Summary Judgment ("Defendant's Motion"). Plaintiff later filed a Memorandum in Opposition to Defendant's Motion ("Plaintiff's Memorandum)" and Defendant filed a Reply Brief.

On July 24, 2003, Magistrate Judge Hogan issued a report and recommendation recommending that Defendant's Motion be granted and Plaintiff's Complaint be dismissed. The Magistrate's Report and Recommendation specifically advised Plaintiff of her right to file objections and noted that failure to file objections would constitute a waiver of her right to

appeal to the Sixth Circuit. (Doc. 74). Despite being so advised, Plaintiff did not file objections to the Magistrate's Report. On July 30, 2003, however, Plaintiff filed a pleading captioned as "Plaintiff's Motion for Summary Judgment." Despite the caption, Plaintiff's motion was nothing more than a "response to the Defendant's Reply Brief in Support of Summary Judgment." (Doc. 75, p. 2). On October 17, 2003, this Court, after considering the merits of Plaintiff's claim, adopted and affirmed the Magistrate's Report and granted Defendant's Motion. (Doc. 77).

On November 5, 2003, Plaintiff filed a Notice of Appeal appealing this Court's Order dismissing her Complaint to the Sixth Circuit. On December 15, 2003, Defendant filed a Motion to Dismiss and to Stay Briefing on the Merits ("Defendant's Motion to Dismiss") with the Sixth Circuit, asserting that pursuant to United States v. Walters, 638 F. 2d 947 (6th Cir. 1981), Plaintiff's failure to file objections to the Magistrate's Report constituted a waiver of her right to appeal. The Sixth Circuit subsequently stayed briefing on the merits of Plaintiff's appeal pending a decision on Defendant's Motion to Dismiss.

Pursuant to Federal Rule of Civil Procedure 60(b)(1), Plaintiff has now filed a Motion to Vacate Court Order ("Plaintiff's Motion"), requesting that this Court vacate its Order granting summary judgment to Defendant.[1] In the Sixth Circuit action, Plaintiff has also filed a Motion in Opposition to Defendant's Motion to Dismiss, requesting that the Sixth Circuit stay its decision on Defendant's Motion to Dismiss pending this Court's decision on her 60(b)(1) motion.

---

[1] Plaintiff also filed motions for leave to proceed in form of pauperis (Doc. 81) and for an order providing free transcripts (Doc. 82). Magistrate Judge Hogan denied both of these motions and noted that Plaintiff's underlying claims "lack merit." (Doc. 84).

2

II. **THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S MOTION BECAUSE THIS MATTER IS PENDING BEFORE THE SIXTH CIRCUIT, BECAUSE PLAINTIFF FAILED TO SET FORTH A PROPER BASIS FOR GRANTING RELIEF, AND BECAUSE DEFENDANT WOULD BE UNFAIRLY PREJUDICED BY BEING FORCED TO EXPEND ADDITIONAL RESOURCES DEFENDING AGAINST PLAINTIFF'S MERITLESS AND DISMISSED CLAIMS.**

Where, as here, an appeal is pending, the trial court is not required to entertain a 60(b)(1) Motion for relief. LSJ Investment Co. v. O.L.D., Inc., 167 F 3d 320, 324 (6th Cir. 1999). Plaintiff has filed the instant Motion solely because she realizes that the Sixth Circuit may elect to dismiss her appeal due to her failure to file objections to the Magistrate's Report. This Court should not exercise jurisdiction over Plaintiff's Motion and should decline to allow her to file untimely objections to the Magistrate's Report. This Court has already dismissed Plaintiff's claims on the merits and has recently again noted that her claims are "without merit." This case is over, and is now in the hands of the Sixth Circuit. If the Sixth Circuit believes that the interests of justice require the consideration of the merits of Plaintiff's appeal, then it has the power to excuse her failure to file objections and to consider her arguments on appeal. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir. 1987). Allowing Plaintiff to revive her claims before this Court or to bolster her appeal will only serve to increase the time and expense which Defendant has incurred already in the defense of this meritless action.

Plaintiff has failed to set forth any reasons which justify this Court reviving this closed case, and has certainly failed to set forth a proper basis for granting relief under Rule 60(b)(1).[2] Plaintiff had ample time to either file objections to the Magistrate's Report or to request an extension of time to file such objections. She does not dispute that she was advised of the time

---

[2] Defendant's position is that this Court should decline to exercise jurisdiction over Plaintiff's Motion. However, if the Court does exercise jurisdiction, Defendant submits that the Court should deny Plaintiff's Motion and should not grant her an additional opportunity to file objections to the Magistrate's Report.

3

limits for filing objections to the Magistrate's Report, and of the consequences for failing to do so. Nor does she dispute that she failed to file objections and did not request an extension of time to file objections. Plaintiff is quite familiar with the process for requesting an extension of time, as she availed herself of this process several times while her case was pending before this Court. (See Doc. 43, 50, 54, 55, and 62). Upon her request, this Court previously granted her an extension of the discovery period and allowed her additional time to respond to Defendant's Motion for Summary Judgment. (See Doc. 46, 71). While Plaintiff claims that she was too distracted by illness and indigence to timely file objections, she does not explain why she did not request an extension of time to file objections, and the Court should not allow her additional time now that her claims have been dismissed on the merits.[3]

This Court should also decline to address Plaintiff's Motion and/or deny Plaintiff's Motion because Plaintiff has failed to set forth a proper basis for granting relief under Rule 60(b)(1) and has failed to set forth any new arguments that this Court has not already considered and rejected. Rule 60(b) motions are typically brought after a court has entered a default judgment. While Plaintiff implies that the Court's Order dismissing her Complaint was a default judgment, this is not so. Rather, Plaintiff prosecuted this action, engaged in discovery, and opposed Defendant's Motion for Summary Judgment. Both the Magistrate and this Court considered the evidence in the record as well as Plaintiff's arguments in opposition to summary

---

[3] Plaintiff also claims that she was incapable of filing objections because she was evicted and because her father passed away. This is not the first time that Plaintiff has used her eviction as an excuse for her failure to adhere to Court deadlines. (See Doc. 62). With regard to the passing of Plaintiff's father, Defendant points out that this occurred prior to the time that Plaintiff filed her Motion for Summary Judgment, and evidently did not prevent Plaintiff from filing her pleading. See Merriweather v. Wilkinson, 2003 U.S. App. LEXIS 24844 (6th Cir. Nov. 25, 2003) (holding that claimant's pro se status and lack of legal training did not excuse his failure to file objections and did not entitle him to relief under Rule 60(b) (copy attached as Exhibit A); Rideout v. Scott, 1998 U.S. App. * LEXIS 26119 (10th Cir. Oct. 15, 1998) (affirming denial of Rule 60(b) motion where claimant knew of is obligation to respond to magistrate's report and failed to respond or to request an extension of time) (copy attached as Exhibit B).

judgment before dismissing Plaintiff's claims on the merits.

Likewise, each of the arguments raised by Plaintiff in her Motion are arguments that she made when she opposed summary judgment, and are arguments that the Court has already considered and rejected. (Compare Plaintiff's Motion, pp. 3-4 with Plaintiff's Memorandum (Doc. 66)).[4] Rule 60(b) does not exist to give a plaintiff a second crack at arguing against summary judgment. See Burnely v. Bosch Americas Corp., 75 Fed. Appx. 329, 333 (6th Cir. Aug. 27, 2003) (copy attached as Exhibit C). If Plaintiff believes this Court erred in granting summary judgment, her recourse is with the Sixth Circuit, and not with this Court.

In order to be granted relief under Rule 60(b)(1), Plaintiff must demonstrate:

1.   The existence of mistake, inadvertence, surprise, or excusable neglect; and

2.   That she has a meritorious defense.

Burnley, 75 Fed. Appx. at 332-33. Where the court enters a default judgment, it will determine whether excusable neglect exists by considering certain equitable factors, such as the reason for the delay, etc. Id. at 333. However, where, as here, summary judgment is granted on the merits, such equitable factors do not control, and the court strongly considers the prejudice to the other party. Id. On this point, the Sixth Circuit's Burnley decision is instructive.

In Burnley, the Plaintiff failed to file a response to her employer's summary judgment

---

[4] Plaintiff raises eight issues in her Motion. (See Plaintiff's Motion, pp. 3-4). Issues 1 and 2, whether this Court has jurisdiction and whether federal law applies, were raised at pages 9-10 of her Memorandum, and addressed at pages 3-4 of the Magistrate's Report. Issues 3 and 4, the selection of the arbitrator, the arbitrator's alleged bias, and the arbitrator's alleged duty to make certain disclosures, were raised at pages 7 and 10-12 of Plaintiff's Memorandum, and pages 3-4 and 7 of the Magistrate's Report. Issue 5, regarding Plaintiff's lack of standing, was discussed at pages 9-10 of Plaintiff's memorandum. This issue was the primary basis of the Magistrate's Report and the Court's Order. (See Doc. 74, pp. 3-4 and Doc. 77, pp. 1-2). Plaintiff incorrectly claims that Ohio law applies to this issue. However, even if she were correct, she would still lack standing . See Leon v. Boardman Twp., 100 Ohio St.3d 335, syl. (2003) (employee does not have standing to vacate arbitration award under Ohio law). Finally, arguments 6, 7, and 8, that the arbitrator ignored the ADA, the Union provided "perfunctory" representation, and the arbitrator's award does not follow the contract, were raised at pages 1-7, and 13-17 of Plaintiff's Memorandum, and pages 5-6 and 10 of the Magistrate's Report. This Court then adopted the Magistrate's Report and dismissed Plaintiff's claim.

5

motion. After the court granted the employer's motion on the merits, the employee filed a 60(b)(1) motion seeking to vacate the court's dismissal order. After the district court denied the employee's motion, she appealed to the Sixth Circuit.. The Sixth Circuit held that the district court properly denied the 60(b)(1) motion because the employer would have suffered "substantial prejudice" if the motion were granted. The court reasoned that substantial prejudice existed because the employer had "already expended substantial resources conducting discovery, and filing its motion for summary judgment." Id. at 333. The court continued, stating that it would be "unfair to require [the employer] to expend additional resources litigating this claim, particularly because [Plaintiff] had ample time to conduct discovery, and failed to present evidence to substantiate her claim." Id.

The rationale of Burnley applies to the instant case and calls for this Court to decline to exercise jurisdiction over Plaintiff's Motion and/or to deny Plaintiff's Motion and disallow her request to file untimely objections to the Magistrate's Report. Defendant has already expended substantial resources defending against claims that this Court has held are "without merit." Indeed, these expenses are even more substantial than those expended by the employer in Burnley, as Defendant first expended resources defending Plaintiff's claims in the arbitration forum. Then, Defendant was forced to defend Plaintiff's claims before this Court. And now, Defendant is forced to defend Plaintiff's claims before the Sixth Circuit. If the Court grants Plaintiff's Motion, or allows her to file objections after this case has already been dismissed and appealed, Defendant will be forced to expend additional resources litigating this case and defending against her appeal. Defendant should not be put to this additional expense and prejudice. Plaintiff has had her day before an arbitrator, has had her day before this Court, and now has taken her meritless claims to the appellate court. It is time for this case to end once and

for all, and this Court should reject Plaintiff's attempt to have a fourth bite at the apple.

Therefore, because this Court has previously held that Plaintiff's claims are without merit, because Plaintiff failed to file timely objections to the Magistrate's Report, and because Plaintiff has offered no arguments which this Court has not already considered and rejected, this Court should decline to exercise jurisdiction over Plaintiff's Motion. In the event, however, that the Court does exercise jurisdiction over Plaintiff's Motion, it should deny Plaintiff's Motion and should not allow her to prolong her appeal and Defendant's expense by filing untimely and meritless objections to the Magistrate's Report.

Respectfully submitted,

s/ Jeffery L. VanWay
David G. Holcombe (0025768)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3411 - Telephone
(513) 929-0303 - Facsimile

Attorneys for Defendant
The E. W. Scripps Company

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon Carmen Carter, Plaintiff Pro Se, 419 Probasco Street #7, Cincinnati, Ohio 45220, by regular U.S. mail, postage prepaid, this 13th day of January, 2004.

s/ Jeffery L. VanWay
Jeffery L. VanWay

7