JOSE RIDEOUT, Plaintiff-Appellant, v. H.N. SCOTT, Warden, Joseph Harp Correctional Center, VICKIE SHOECRAFT, Citizen of Lexington, Oklahoma, and is employed as Deputy Warden, Defendants-Appellees.

No. 98-6231

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

1998 U.S. App. LEXIS 26119; 1998 Colo. J. C.A.R. 5297

October 15, 1998, Filed

NOTICE:

[*1] RULES OF THE TENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

SUBSEQUENT HISTORY: Reported in Table Case Format at: *1998 U.S. App. LEXIS 37378.*

PRIOR HISTORY: (W.D. Okla.). (D.C. No. 97-CV-41).

DISPOSITION: Appeal dismissed.

CASE SUMMARY:

PROCEDURAL POSTURE: Appellant inmate sought review of the decision of the United States District Court for the Western District of Oklahoma, which denied his motion for relief from judgment under *Fed. R. Civ. P. 60(b)*. The district court also adopted a magistrate's recommendation to dismiss the inmate's underlying civil rights action. The inmate filed a motion under *28 U.S.C.S. § 1915* to proceed IFP and dismiss his appeal.

OVERVIEW: The inmate alleged that the prison officials violated his civil rights when he was sentenced to 15 days of disciplinary segregation for refusing an order to move into a cell with another inmate. He filed a motion under *Fed. R. Civ. P. 60(b)* for relief from the district court's judgment, which was denied. The inmate argued that circumstances hindered his ability to respond to the magistrate's report. The court held that while certain conditions may have prevented him from filing his objections, he was not entirely prevented from seeking leave of the district court for an extension. Therefore, the court concluded that the inmate waived appellate review of the magistrate's factual findings and legal conclusions.

OUTCOME: The court denied the inmate's motion to proceed IFP and affirmed the decision of the district court.

CORE TERMS: recommendation, conditions of confinement, frivolous, extension of time, oral argument

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
Civil Procedure: Relief From Judgment: Relief Generally
[HN1] *Fed. R. Civ. P. 60(b)* motions are reviewed for abuse of discretion. In determining whether a district court abused its discretion, the court is mindful that relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. Only if the court finds a complete absence of a reasonable basis and is certain that the district court's decision is wrong does the court reverse. Furthermore, review of a denial of a Rule 60(b) motion is confined only to review of the order of denial and does not extend to review of the underlying judgment.

COUNSEL: For JOSE RIDEOUT, Plaintiff - Appellant: Jose Rideout, Helena, OK.

For H. N. SCOTT, VICKIE SHOECRAFT, Defendants - Appellees: Karin M. Kriz, Office of the Attorney General, Oklahoma City, OK.

JUDGES: Before BALDOCK, EBEL and MURPHY, Circuit Judges.

OPINIONBY: DAVID M. EBEL

OPINION: ORDER AND JUDGMENT *



EXHIBIT B

Case 1:00-cv-00739-SAS-TSH    Document 85-3    Filed 01/13/2004    Page 2 of 3

Page 12

1998 U.S. App. LEXIS 26119, *; 1998 Colo. J. C.A.R. 5297

------------------Footnotes----------------

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-----------------End Footnotes--------------

[*2]

Plaintiff-Appellant Jose Rideout, a state prisoner in Oklahoma, appeals an order of the district court denying his motion for relief from judgment under Fed. R. Civ. P. 60(b). Mr. Rideout seeks relief from an order of the district court adopting a magistrate judge's recommendation to dismiss Mr. Rideout's underlying civil rights action against defendants. Although the district court denied two prior attempts by Mr. Rideout to proceed IFP on grounds that his appeals were not taken in good faith, (entry nos. 62, 65); see 28 U.S.C. § 1915(a)(3), Mr. Rideout also renews in this court a motion under 28 U.S.C. § 1915 for leave to proceed IFP. Because we find that Mr. Rideout's appeal is frivolous, we deny his motion to proceed IFP and dismiss his appeal.

Mr. Rideout sued the defendants under 42 U.S.C. § 1983, alleging a violation of his civil rights when he was sentenced to 15 days of disciplinary segregation for refusing an order to move into a cell with another inmate. On March 11, 1998, a magistrate judge recommended dismissal of his suit as frivolous. (Entry no. 50.)

Mr. Rideout acknowledges that he received[*3] a copy of the magistrate's Report and Recommendation on March 12, 1998. The report advised him of his right to object no later than March 26, 1998, and that failure to object would result in waiver of his right to appeal the report's factual findings and legal conclusions. On March 31, 1998, the district court noted that no objections had been filed by either party, adopted the magistrate's report and recommendation in its entirety, and dismissed the suit with prejudice. (Entry no. 52.)

On April 20, 1998, Mr. Rideout filed a Rule 60(b) motion seeking relief from the district court's judgment, contending that his "conditions of confinement" had prevented him from timely filing his objections. (Entry no. 57.) The district court denied the motion, finding that none of Mr. Rideout's "myriad reasons" for failing to timely object provided a basis for relief under Rule 60(b). Mr. Rideout now appeals, arguing again that his conditions of confinement created "excusable neglect" for his delay. See Fed. R. Civ. P. 60(b)(1).

[HN1] Rule 60(b) motions are reviewed for abuse of discretion. Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996). "In determining [*4]whether a district court abused its discretion, we are mindful that 'relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)(quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990)). "Only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong do we reverse." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir. 1990). Furthermore, review of a denial of a Rule 60(b) motion is confined only to review of the order of denial and does not extend to review of the underlying judgment. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828, 121 L. Ed. 2d 51, 113 S. Ct. 89 (1992).

Mr. Rideout states that a series of circumstances during March 12-26, 1998 hindered his ability to respond to the magistrate judge's report. The specific circumstances of Mr. Rideout's confinement, while perhaps preventing him from filing his substantive objections within[*5] the 15-day limit, did not entirely prevent him from seeking leave of the district court for an extension of time. n1 In short, Mr. Rideout's failure to make timely objections to the magistrate judge's report and recommendation, or even to seek an extension of time to file his objections, waived appellate review of the magistrate judge's factual findings and legal conclusions. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). As a result, his attempt to reopen the district court's judgment dismissing his case is without merit.

------------------Footnotes----------------

Case 1:00-cv-00739-SAS-TSH    Document 85-3    Filed 01/13/2004    Page 3 of 3

Page 13

1998 U.S. App. LEXIS 26119, *; 1998 Colo. J. C.A.R. 5297

n1 Mr. Rideout clearly was aware that he could seek such an extension. The record reflects that he sought - and received - such an extension (on grounds of his conditions of confinement) for filing his opposition to defendants' Motion to Dismiss or for Summary Judgment. (Entry nos. 34, 37, 43.)

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

For the reasons stated above, we DENY the motion to proceed IFP under *28 U.S.C. § 1915*(e)(2)(B)(i) as frivolous. This appeal shall count[*6] as a strike pursuant to *28 U.S.C. § 1915*(g).

Appeal DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel

Circuit Judge