IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER                                          C-1-00-739

        Plaintiff          **FILED**              Judge S. Arthur Spiegel

                            JAN 2 9 2004
vs
                          JAMES BONINI, Clerk
THE E. W. SCRIPPS COMPANY CINCINNATI, OHIO

        Defendant(s)

## PLAINTIFF'S MOTION APPEALING
## MAGISTRATE'S ORDER JAN. 8, 2004
## MOTION TO PROCEED IN FORMA PAUPERIS

Comes now Plaintiff, Carmen Carter, before Senior Judge Spiegel

requesting the Court accept and grant this Motion and the Affidavit in

Support of Motion to Proceed In Forma Pauperis, which was denied in the

Order filed by Magistrate Judge Hogan on January 8, 2004.

Because of Plaintiff's indigence, she seeks to In Forma Pauperis status

not solely for the filing fee, but for any and all fees. While it is true the

Plaintiff paid the full filing fee of $255, the Court is unaware of the

hardship involved in the matter. Early October was the last time the

Plaintiff had an income and the change in Court fees (as of Nov. 1st),

resulted in the Plaintiff siphoning moneys set aside for rent. The Plaintiff,

1

an applicant for Social Security Disability/SSI, remains indigent. However, the Court subsequently granted the Plaintiff In Forma Pauperis status in C-1-00-977 (exhibit 1).

As the Plaintiff is unemployed and symptoms of clinical depression have recently been exacerbated, she again petitions the District Court grant permission to proceed In Forma Pauperis pursuant to 28 USC §1915.

The Order also denied Plaintiff's request that the Court appoint counsel. According to the Order:

> "To the extent such motion seeks the appointment of counsel on appeal...For the reasons stated in the Court's order granting summary judgment for the defendant (Doc. 77) plaintiff's claims lack merit."

However, the Plaintiff seeks counsel because she has had difficulty managing this and another case (C-1-00-977) as a result of clinical depression. Since the Plaintiff simultaneously filed a Motion to Vacate the aforementioned summary judgment, she again respectfully beseeches the Court reconsider this request. Because of Plaintiff's illness, the Court did not have the benefit of a response from the Plaintiff (to the Magistrate's Report and Recommendations) to conclude Plaintiff's "claims lack merit". The Plaintiff is prayerful the Court will vacate the judgment and grant her that opportunity.

Recognizing the appointment of counsel to civil litigants is a decision at the discretion of District Court -- the Plaintiff solicits the Court refer her case to the Volunteer Lawyers Project at the Legal Aid Society of Cincinnati. Unable to find an attorney willing to take employment law cases on contingency and financially unable to hire an attorney -- the Plaintiff has vainly attempted to manager her cases (including C-1-00-977) but is too ill to continue.

After speaking briefly with Krista Lohr at VLP and employees in the Office of the Clerk, U.S. District Court, the Plaintiff again files this motion requesting the Court to appoint counsel. Continuing without counsel risks the unfair advantage over the Plaintiff (in terms of fundamental unfairness as to due process) since the Defendant, The E. W. Scripps Company, a lucrative multi-media empire by contrast has a prestigious law firm (Baker & Hostetler) on retainer.

Respectfully submitted,

Carmen Carter
419 Probasco Street #7
Cincinnati, OH 45220
(513) 751-5076

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served by ordinary U.S. mail January 27, 2004, upon David Holcombe, Baker & Hostetler, 312 Walnut Street, Cincinnati, OH 45202 -- attorney for the Defendant, The E. W. Scripps Company.

Carmen Carter

Carmen Carter

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER                              Case Number: C-1-00-739

     Plaintiff                            Judge S. Arthur Spiegel

vs

THE E. W. SCRIPPS COMPANY

     Defendant

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED
## IN FORMA PAUPERIS

I, Carmen Carter, being first duly sworn, depose and say that I am the Plaintiff in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, costs or give security therefore, I state that because of my indigence I am unable to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to redress; and that the issues I wish to present are the following:

(1)    All Orders the Court granted the Defendant because the Plaintiff was incapable of responding are based on deliberately false or misleading information from the Defendant.

(2)    Vacatur of above mentioned Court Orders pursuant to Federal Rules of Civil Procedure 60(b)(1).

(3)    The Defendant not only has a pattern of discriminatory and disparate practices towards female and/or African-American employees -- management indulging in such conduct is promoted.

(4)    The Plaintiff experienced disparate discipline in the employ of the Defendant.

1

(5)    The Defendant violated federal employment discrimination laws.

(6)    The Defendant elicited a paper trail campaign to terminate the Plaintiff's employment.

I further swear that the statements made below relative to my ability to pay the cost of prosecuting the appeal are true:

1.    I am not employed. I last worked for the United States Postal Service between July and October 2003 at $10 per hour for $400 per week before taxes.

2.    I have not been self employed in the last 12 months, nor have I received income in interest or dividends. Intermittently between January and June I had assignments through the temporary secretarial agency Tempo Help Inc. (Chilicothe, OH) at an hourly rate ranging between $10 to $13 depending on the assignment. An assignment could be a few weeks or considered an indefinite assignment.

3.    I do not have a checking or savings account.

4.    I do not own any real estate, stocks, bonds, or notes. I own a 1991 Mercury Topaz. On January 13, my church gave me a donated 1995 Chevy.

5.    I have no dependents.

2

6.    Early in 2003, I was evicted from the two-story townhouse, which had been my home for 12 years. I subsequently moved to a one-bedroom apartment. A series of documents relevant to this case were lost in the course of moving. Underemployment and unemployment, as well as the difficulty of managing this case and its sibling C-1-00-739. I had just started an assignment with the U.S. Postal Service, when my father died in July. Since then, the symptoms of clinical depression have been exacerbated and I have filed application for Social Security Disability and SSI.

       I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

_____
Carmen Carter

       SUBSCRIBED AND SWORN TO before me this 27th day of January 2004.

_____
DARLENE M. MILLER
Notary Public   State of Ohio
My Commission Expires July 18, 2006

       Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefor.

_____

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Carmen Carter,
     Plaintiff

    vs

The E.W. Scripps Company,
     Defendant

Case No. 1:00-cv-977

**ORDER GRANTING MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***
(Hogan, M.J.)

This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915. (Doc. 60).   It appears from plaintiff's affidavit that she lacks the funds to pay the costs or give security for such costs in this appeal.  The Court therefore grants the motion and hereby authorizes appeal of this action without prepayment of fees or costs.

A copy of this Order shall be sent to the Clerk of the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Date:  1/20/2004

s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

J:\KLL\PLRA-6TH\00-977ifpnon-appeal.wpd

# CENTRAL COMMUNITY HEALTH BOARD OF HAMILTON COUNTY, INC.

*supported by*
*Hamilton County Community Mental Health Board*
*and Hamilton County Alcohol & Drug Addiction Services Board*
**520-532 Maxwell Avenue**
**Cincinnati, Ohio 45219**

Bennett J. Cooper, Jr.
Executive Director

Carmen Carter
DOB: 08/23/53
SSN: ▮▮▮▮▮
October 28, 2003

## TREATMENT EPISODE OVERVIEW

Ms. Carter was admitted to this agency on March 13, 2003 with a provisional admitting diagnosis of Depressive Disorder – NOS – DSM IV 311.  She presented with sleep disturbances, high levels of anxiety, feeling hopeless and helpless and overwhelmed by environmental stressors.

Ms. Carter was evaluated and assessed by Al Rivera, MD on March 18, 2003 and at that time was given trial medications, as follows:   Effexor XR 150 mg  twice daily; and Serzone 50 mg PO qd  At follow up, medications were changed to the following: Effexor XR, 150 mg, one twice daily; Neurotin, 300 mg – one three times daily and Serzone, 150 mg  one time daily.  Patient has experienced several failed trials of various medications and adjustments were expected.  Having shown minimal positive response to the above, on 09/16/03, Serzone was discontinued and  Zyprexa, 5 mg  PO one HS was prescribed.  However, due to concerns that one possible side effect of taking Zyprexa is diabetes, Ms. Carter declined Zyprexa and opted to continue with Serzone. In the interim, patient had blood glucose levels done and those results are not yet available.  Ms. Carter reports high blood pressure regulated by Norvasc, high cholesterol levels and she is somewhat overweight, all conditions making her a candidate for diabetes, posing a much higher risk for Zyprexa therapy.

Individual therapy sessions began on March 27, 2003 with Barbara Duhart, LISW. Focus of initial therapy was to stabilize on medications, identify triggers//sources of increased anxiety and feeling overwhelmed and work on skills/coping mechanisms in order to regain and maintain former levels of functioning.  Some progress has been made but many obstacles to recovery remain firmly in place.

| | | | |
|---|---|---|---|
| A.D.A.P.T. | 872-8870 | HIV Early Prevention & Intervention Project | 961-9930 |
| Central Intake | 559-2097 | Medical Records | 559-2024 |
| Client Account Inquiries | 559-2090 | Outpatient Department | 559-2097 |
| Community Services | 559-2075 | Personnel & Training | 559-2911 |
| Crisis Stabilization Program | 559-2922 | Research & Evaluation | 559-2029 |
| Day Treatment Center | 559-2063 | Residential Services | 531-0800 |
| Drug Services | 559-2056 | Children's Services Referrals | 559-2078 |
| Drug Services Intake | 559-2048 | All Other Departments | 559-2000 |

Another focus of sessions was to build self confidence so that Ms. Carter could return to work. She also needed to move and at first was unable to accomplish this. She did eventually move to a new place but the stress and struggle in accomplishing the move induced exacerbation of the original symptoms and negated any progress to date. Ms. Carter also took a job and was attempting full time work when her father passed away in Chicago. She faced a different type of therapy need after returning home as she had obtained family information hidden for some time. Unresolved early childhood issues were explored. Ms. Carter continued to take medications but reported little, if any relief from depressive symptoms. Her fatigue was just as enduring and intense, there were episodes of binge eating, uncontrollable crying spells, poor memory and inability to concentrate and focus on any given task to completion. Grief, loss and acceptance of the inevitable were incorporated into sessions. Ms. Carter remains depressed and she is beginning to hold little hope of any relief in the near future. Explored options including voc/ed for career changes; part time employment; part time entitlements; there are several avenues open to Ms. Carter should she desire to begin accessing these and other resources. Ms. Carter indicated that she has filed for SSI and disability benefits.

Prognosis for Ms. Carter is guarded, mostly due to lack of positive response to several medications in various combinations. Physical indicators and attributes have been considered and Ms. Carter has been advised to get the regular maintenance physical with blood levels and thyroid check completed. She is still displaying the same set of symptoms as when she was first admitted and the far reaching effects of continuing symptomlogy add heavily to already prominent features of clinical depression.



*CNSFRM*

**UNIVERSITY OF CINCINNATI HOSPITAL**
**CONSULTATION FORM**



08/23/953 UNF
JUPITER, CARMEN
2453 GRANDVIEW AVENU
CINCINNATI OH 45208

CONSULTATION REQUEST TO: ~~PSYCHIATRY~~
                                      (SERVICE)
                        J. COTTON UC III / DR L ARNOU
                                      (PHYSICIAN)

CONSULTATION FROM: ~~NEUROLOGY~~
                              (SERVICE)
                        STAC PRINITERA
                              (PHYSICIAN)

UMC-13, Rev. 2/95

REASON FOR CONSULT:

EVALUATE FOR DEPRESSION.

4 OF (4)

| DATE/TIME CONSULT INITIATED/CALLED | DATE/TIME CONSULTANT ANSWERED |
|---|---|
| 8/6/96 | |

IMPRESSION: 42 y.o. B ♀ CURRENTLY IN HOSPITAL FOR EVALUATION
TO R/O PSYCHOGENIC SEIZURES.

① MAJOR DEPRESSIVE DISORDER
    Pt APPEARS TO BE SOCIALLY ISOLATED, NOT CLOSE TO FAMILY, + VERBALIZE
    MANY AREAS OF UNHAPPINESS (JOB, CAREER, CINCINNATI, WEIGHT)
② CANNOT R/O CONVERSION DISORDER c̄ SEIZURES
    DIFF: MALINGERING, FICTITIOUS DISORDER, TRUE EPILEPTIC SEIZ.
③ CANNOT R/O EATING DISORDER
    HX OF PAST BINGE EATING WITHOUT PURGING.
    SEEMS TO BE FOCUSED ON BODY FAT + IMAGE.
④ CANNOT R/O AXIS II PERSONALITY DISORDER - MORE INFORMATION
NEEDED.

RECOMMENDATIONS:

① OUTPATIENT REFERRAL FOR RE-EVALUATION + APPROPRIATE TREATMENT

② START ZOLOFT 50 mg PO qAM

Pt evaluated. As noted above pt has major depression and multiple
psychosocial stressors. Psychogenic seizures are not likely conversion
symptoms. Discussed at length the need for outpt treatment
including antidepressant medication and psychotherapy. Pt was
referred to U. Psych Service 475-8710. Pt agreed to above
recommendations. Reviewed side effects.

J. Cotton UCIII        971-2001        Lesley M Arnold MD
of Zoloft.
RESIDENT PHYSICIAN CONSULTANT                    ATTENDING PHYSICIAN CONSULTANT

WHITE—MEDICAL RECORD          YELLOW—CONSULTANT

**JAMA PATIENT PAGE**

The Journal of the American Medical Association

MENTAL ILLNESS

# Depression



C. Lynm

A person who feels sad all the time, has unexplained crying spells, or loses interest in usual activities may have **major depression**, a serious medical illness that should be distinguished from normal temporary feelings of sadness after a loss, such as the death of a relative or friend. Major depression affects 14 million persons in the United States each year. The June 18, 2003, issue of *JAMA* is a theme issue devoted to articles about depression.

## SYMPTOMS OF MAJOR DEPRESSION

Having at least 5 of these symptoms occurring nearly every day for at least 2 weeks:

- Feeling sad or empty
- Decreased interest or pleasure in activities
- Appetite change with weight loss or weight gain
- Decreased or increased sleeping
- Fatigue or loss of energy
- Feeling worthless or guilty
- Being either agitated or slowed down
- Difficulty thinking or concentrating
- Recurrent thoughts of death or suicide

## OTHER TYPES OF DEPRESSION

- **Bipolar disorder** (previously called **manic-depressive disorder**)—occurrence of episodes of major depression and episodes of abnormally elevated mood called **mania** (severe) or **hypomania** (less severe)
- **Dysthymia**—mild depression symptoms lasting for at least 2 years
- **Postpartum depression**—depression occurring after the birth of a baby
- **Seasonal affective disorder**—major depression occurring regularly in seasons with low sunlight

## TREATMENTS FOR DEPRESSION

- **Medications**
  Several types of antidepressant medications have been shown to be effective for depression, but they must be taken for several weeks before they begin to work.
- **Psychotherapy**
  Several kinds of "talking therapies" have also been shown to be effective for depression. They involve evaluating and changing the thoughts, attitudes, and relationship problems that are associated with depression.
- **Bright light**
  Daily exposure to bright light can be helpful for seasonal depression.
- **Electroconvulsive therapy**
  A series of treatments involving passage of electric current through the brain while the patient is asleep from an anesthetic medication can often relieve even severe depression. These treatments are usually given about 3 times per week for several weeks.

Anyone who is experiencing symptoms of depression should be evaluated by a doctor. Although individuals with depression often feel that nothing can help them, effective treatments are available. Evaluation and treatment are particularly important to prevent suicide. Suicide usually stems from depression.

## FOR MORE INFORMATION

- American Psychiatric Association
  888/357-7924
  www.psych.org

- National Mental Health Association
  800/969-6642
  www.depression-screening.org

- Depression and Bipolar Support Alliance
  800/826-3632
  www.dbsalliance.org

- National Institute of Mental Health
  www.nimh.nih.gov

## INFORM YOURSELF

To find this and previous JAMA Patient Pages, go to the Patient Page link on *JAMA*'s Web site at www.jama.com. Many are available in English and Spanish. A Patient Page on postpartum depression was published in the February 13, 2002, issue; one on electroconvulsive therapy was published in the March 14, 2001, issue; one on adolescent suicide was published in the December 26, 2001, issue; and one on psychiatric illness in older adults was published in the June 7, 2000, issue.

*Sources: American Psychiatric Association, National Institute of Mental Health, Depression and Bipolar Support Alliance, National Mental Health Association*

Janet M. Torpy, MD, Writer

Cassio Lynm, MA, Illustrator

Richard M. Glass, MD, Editor

The JAMA Patient Page is a public service of JAMA. The information and recommendations appearing on this page are appropriate in most instances, but they are not a substitute for medical diagnosis. For specific information concerning your personal medical condition, JAMA suggests that you consult your physician. This page may be reproduced noncommercially by physicians and other health care professionals to share with patients. Any other reproduction is subject to AMA approval. To purchase bulk reprints, call 718/946-7424.



JAMA

COPY FOR YOUR PATIENTS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CARMEN CARTER,  :
2450 Grandview Avenue  :  CASE NO. **C-1-00 1& 739**
Cincinnati, Ohio 45206  :

    Plaintiff,  :

v.  :  (JUDGE **SPIEGEL** )

   :

E.W. SCRIPPS COMPANY,  :
  PUBLISHER OF THE CINCINNATI
POST AND KENTUCKY POST,  **FILED**
125 East Court Street
Cincinnati, Ohio 45202  :SEP 0 6 2000

    Defendant.  KENNETH J. MURPHY, Clerk
                  CINCINNATI, OHIO

## NOTICE OF REMOVAL

    Defendant E.W. Scripps Company ("Scripps") hereby files this Notice of Removal to remove the action commenced by Carmen Carter ("Plaintiff") from the Court of Common Pleas of Hamilton County, Ohio to the United States District Court for the Southern District of Ohio. In support thereof, Scripps respectfully states as follows:

    1.    Plaintiff commenced a civil action on August 7, 2000, that is now pending in the Court of Common Pleas of Hamilton County, Ohio, designated as Case No. A0004831.  In that case, Plaintiff seeks to have the Court vacate the award of an arbitrator who found in favor of Scripps in its decision to terminate Plaintiff.

    2.    The Complaint setting forth the claims for relief was obtained by Scripps on August 8, 2000.  It was officially served on Scripps on August 11, 2000.  A copy of the Complaint is attached as Exhibits A; a copy of the Summons is attached as Exhibit B; and a copy

\\ciarv1\data\cm4200\scripps\carter\pleadings\Carter -removal.001.doc

of the Court's docket in that case is attached as Exhibit C. To the best of Defendant's

knowledge, these exhibits constitute all process, pleadings and orders that have been filed in said

case to date.

3.      This Notice of Removal is being filed within thirty days of notice of the

Complaint as required by 28 U.S.C. § 1446(b).

4.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331.

5.      Without admitting that Plaintiff's Complaint states a cause of action, Scripps

states that Plaintiff is a former employee of Scripps and during the period of her employment,

she was a member of a labor organization called the Cincinnati Newspaper Guild (the "Guild").

The Guild represents employees of Scripps for purposes of collective bargaining over wages,

hours and terms and conditions of employment. A collective bargaining agreement is in effect

between Scripps, its employees and the Guild. To the extent that Plaintiff's Complaint seeks to

enforce the provisions of the labor contract in effect between Scripps and the Guild, Scripps is

entitled to remove this action because such allegations of a violation of a collective bargaining

agreement between an employer and a labor organization in an industry affecting commerce, are

covered by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. "A litigant's

decision to omit reference to Section 301 [in the complaint] cannot serve to frustrate federal

preemption and policies in the area of labor law." *Samuels v. American Trust Corp.*, 588 F.

Supp. 105 (M.D. North Carolina 1984), *quoting Glaziers, Glass Workers v. Florida Glass*, 409

F. Supp. 225, 227 (M.D. Fla. 1976); *see also DeCoe v. General Motors Corp.*, 32 F.3d 212, 216

(6th Cir. 1994) (noting that in determining removal/preemption, courts are not bound by "well-

pleaded complaint" rule, rather they must look beyond complaint to "essence of plaintiff's claim

in order to determine whether plaintiff is attempting to disguise what is essentially contract claim as tort."). Moreover, her related allegations that the arbitrator was biased and that her union did not adequately represent her at the arbitration concerning her termination likewise fall under the realm of this federal statute and its federal case law.

6.     Because this action involves questions of federal law, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(b).

7.     Written notice of the filing of this Notice of Removal has been served upon all parties, and a copy of this Notice of Removal has been filed with the Clerk of Courts for the Court of Common Pleas of Hamilton County, Ohio as provided by 28. U.S.C. § 1446(d).

WHEREFORE, Scripps prays that the above-described action pending against it in the Court of Common Pleas of Hamilton County, Ohio will be removed to this Court for trial and final determination.

Respectfully submitted,

David G. Holcombe (0025768) *TrialAttorney*
Christie N. Reilly (0064102)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 2650
Cincinnati, Ohio 45202-4038
(513) 929-3402/fax 929-0303
Attorneys for Defendant
E.W. Scripps Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served via ordinary U.S. mail upon Carmen Carter, pro se Plaintiff, 2450 Grandview Avenue, Cincinnati, Ohio 45206, this ___ day of September, 2000.

Christie N. Reilly

**AFFIDAVIT**

STATE OF OHIO                    )
                                 : SS.
COUNTY OF HAMILTON               )

      I, Peter M. Fox, having been duly cautioned and sworn, do hereby state, based upon personal knowledge and belief as follows:

1.     I am an attorney authorized to practice in the State of Ohio before state and federal Courts. I was admitted to the Ohio bar in 1985 and have remained in good standing since. My legal practice has focused primarily involved representing labor unions and employees in labor relations and employment matters.

2.     In 1999-2000 I represented the Cincinnati Newspaper Guild in a labor arbitration concerning grievances over discipline to and the discharge of employee Carmen Carter by the Cincinnati Post.

3.     On behalf of my client, I agreed to the selection of Professor Edward P. Goggin of Northern Kentucky University to serve as Arbitrator to hear and decide the grievances.

4.     In agreeing to the selection of Professor Goggin as Arbitrator, I was not aware that Professor Goggin had been quoted in articles that were published in the Cincinnati Post on Tuesday, February 2, 1993; Tuesday, January 24, 1995; and Friday May 1, 1998.

5.     In agreeing to the selection of Professor Goggin as Arbitrator, I was unaware that prior to the arbitration the E.W. Scripps Company, the Scripps Howard Foundation, and the Kentucky Post had donated money to Northern Kentucky University, Professor Goggin's employer.

6.     In agreeing to the selection of Professor Goggin as Arbitrator, I was unaware that Professor Goggin had served as an Arbitrator in an arbitration between Memphis Publishing Company and the Memphis Newspaper Guild (FMCS #980717-12375-2).

It is my understanding that the Memphis Publishing Company was represented in that arbitration by David G. Holcombe, Esq. and that an award issued in that case on August 14, 1999. N either Professor Goggin nor Mr. Holcombe informed me of this prior arbitration. I did not ask Professor Goggin or Mr. Holcombe about any prior arbitrations in which they were involved.

Further affiant sayeth naught.

_Peter M Fox_

**Peter M. Fox**

Sworn to before me and subscribed in my presence this _13th_ day of January, 2003.

_Barbara J. Krummen_

**Notary Public**

BARBARA J. KRUMMEN
Notary Public - State of Ohio
My Commission Expires: 11/6/2005

# AFFIDAVIT

| | |
|---|---|
| **STATE OF OHIO** | ) |
| | : SS. |
| **COUNTY OF HAMILTON** | ) |

I, Peter M. Fox, having been duly cautioned and sworn, do hereby state, based upon personal knowledge and belief as follows:

1.  I am an attorney authorized to practice in the State of Ohio before state and federal Courts. I was admitted to the Ohio bar in 1985 and have remained in good standing since. My legal practice has focused primarily involved representing labor unions and employees in labor relations and employment matters.

2.  In 1999-2000 I represented the Cincinnati Newspaper Guild in a labor arbitration concerning grievances over discipline to and the discharge of employee Carmen Carter by the Cincinnati Post.

3.  On behalf of my client, I agreed to the selection of Professor Edward P. Goggin of Northern Kentucky University to serve as Arbitrator to hear and decide the grievances.

4.  In agreeing to the selection of Professor Goggin as Arbitrator, I was not aware that Professor Goggin had been quoted in articles that were published in the Cincinnati Post on Tuesday, February 2, 1993; Tuesday, January 24, 1995; and Friday May 1, 1998.

5.     In agreeing to the selection of Professor Goggin as Arbitrator, I was unaware that prior to the arbitration the E.W. Scripps Company, the Scripps Howard Foundation, and the Kentucky Post had donated money to Northern Kentucky University, Professor Goggin's employer.

6.     In agreeing to the selection of Professor Goggin as Arbitrator, I was unaware that Professor Goggin had served as an Arbitrator in an arbitration between Memphis Publishing Company and the Memphis Newspaper Guild (FMCS #980717-12375-2).

It is my understanding that the Memphis Publishing Company was represented in that arbitration by David G. Holcombe, Esq. and that an award issued in that case on August 14, 1999.  N either Professor Goggin nor Mr. Holcombe informed me of this prior arbitration.  I did not ask Professor Goggin or Mr. Holcombe about any prior arbitrations in which they were involved.

Further affiant sayeth naught.

_____
**Peter M. Fox**

Sworn to before me and subscribed in my presence this 13th day of January, 2003.

_____
**Notary Public**

BARBARA J. KRUMMEN
Notary Public - State of Ohio
My Commission Expires: 11/6/2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER,                          :        Case No.  C-1-00-739

            Plaintiff,                  :        (Judge Spiegel)

      vs.                               :        (Magistrate Judge Hogan)

THE E. W. SCRIPPS COMPANY               :

            Defendant                   :

### AFFIDAVIT OF PETER M. FOX

STATE OF OHIO                )
                             )        SS:
COUNTY OF HAMILTON  )

      I, Peter M. Fox, being duly sworn, hereby depose and say as follows:

1.      I am an attorney-at-law authorized to practice in the State of Ohio before state and federal courts.  I was admitted to the Ohio bar in 1985 and have remained in good standing since.

2.      I received my undergraduate degree from Canisius College, Buffalo, New York and my law degree from the University of Cincinnati.  In law school, I took several courses that addressed labor relations and equal employment opportunity law.

3.      Since graduating from law school in 1985, I have practiced law in Cincinnati and am currently a member of the Kircher, Robinson & Welch law firm located at 2520 Kroger Building, 1014 Vine Street, Cincinnati, Ohio 45202-1116.

4.      My legal practice has focused on and has primarily involved the representation of unions and employees in labor relations and employment matters.  Such representation has included counseling employees and unions, participating as chief spokesperson in collective bargaining negotiations, and trying cases before federal and state courts, as well as administrative bodies such as the National Labor Relations Board.  In addition to practicing law, I have also participated as a presenter in a number of continuing legal education seminars, quite often presenting the union/employee perspective on issues of interest in the labor relations arena.

5.  Over the past seventeen years, I have represented labor unions such as the Cincinnati Newspaper Guild ("Guild") in numerous labor arbitration proceedings involving a wide range of issues concerning collective bargaining agreements, including disciplinary and discharge matters. To the best of my knowledge, I have served as counsel for the various unions I have represented in at least thirty (30) arbitration proceedings involving disciplinary or discharge matters. In conjunction with those matters, I have counseled and advised numerous employees who, through their union representative, were challenging disciplinary action taken by their employers as being in violation of the collective bargaining agreements "just cause" provision.

6.  In 1999, I was asked by the Guild to represent it regarding three grievances that had been filed and moved to arbitration by the Guild concerning the suspension and ultimately the discharge of Carmen Carter ("Carter"), a Guild represented employee of the Cincinnati Post ("Post"). The first grievance concerned a November, 1998 three-day suspension of Carter. The second grievance concerned a March, 1999 five-day suspension of Carter. The third grievance concerned the October, 1999 discharge of Carter. Copies of the Guild's three grievances are attached as Exhibits 1, 2, and 3.

7.  With respect to the first grievance, I and counsel for the Post, David G. Holcombe of Baker & Hostetler LLP, engaged in the process of selecting an arbitrator. By mutual agreement, we chose an arbitrator that I had suggested, Northern Kentucky University Professor of Law Edward P. Goggin. As a professor of labor law, as well as an editor of the labor treatise, The Developing Labor Law, I considered Professor Goggin, whom I had met and interacted with socially, to be a good choice from the Guild's and Carter's perspective. Professor Goggin was a lawyer, an academic, was located here in Cincinnati, and was very familiar with labor law, including issues relating to collective bargaining agreements. Attached as Exhibit 4 is a copy of my letter to Professor Goggin informing him of his selection as arbitrator of the first grievance.

8.  Shortly after the selection of Professor Goggin as arbitrator for the first grievance, the Company discharged Carter. In an attempt to expedite a consideration of the Guild's grievance challenging Carter's discharge, the Guild and the Post agreed to consolidate the hearing on all three grievances (the three-day suspension, the five-day suspension, and the discharge) to a single arbitration. Carter expressed no concern, reservation or disagreement with the Guild's agreement to consolidate the hearing on all three grievances to a single arbitration.

9.  December 8, 1999 was selected as the date for the arbitration. I informed Professor Goggin of that date by letter. Attached as Exhibit 5 is a copy of my letter to Professor Goggin informing him of the date of the arbitration. Carter expressed no concern, reservation or disagreement with the date that the arbitration was to be held.

10. Prior to the arbitration, the Guild, through its President John C.K. Fisher, requested an opportunity to review Carter's personnel file. Attached as Exhibit 6 is a copy of the Guild's request, on which I was copied. Carter's personnel file was made available to me as counsel and to Carter as the grievant for our review. Carter and I reviewed the file

together and took such time as we needed to read its contents thoroughly. I was concerned about the file's extensive documentation of alleged performance problems that Carter had had over the course of her employment. I was particularly concerned about e-mail documentation reflecting Carter's own words that I believed reflected a hostility toward management which might make it easier to believe that Carter had engaged in some of the conduct of which she accused. Carter expressed no concern, reservation or disagreement with how we went about reviewing her file.

11.     Prior to the arbitration I, as well as the Guild's President, John C.K. Fisher, sought Carter's assistance in preparing for the proceeding by requesting that she identify witnesses or documentation that would support her position that her discipline lacked just cause. As to witnesses, Carter was unable to put me into contact with a former Post employee now resident in New York State who allegedly had something helpful to say on her behalf. As to documentation, Carter was able to provide me with some but not all of the documents that she said were in her possession which I had requested. Prior to the arbitration I did interview Post employees in an attempt to identify witnesses that may have testimony supportive of Carter. I did not identify any witnesses whose testimony I thought would be helpful to the case. Carter expressed no concern, reservation or disagreement with how I prepared for the proceeding or what efforts were made to develop evidence supportive of her position.

12.     The arbitration went forward on the previously agreed to date of December 8, 1999. In consultation with Carter, as well as Guild President John C.K. Fisher, I tried the case on the theory that the Company lacked just cause to discipline Carter on the basis that Carter had not done those things of which she was accused, that Carter was suffering from depression at the time the events occurred, that Carter's conduct was, at least in part provoked by members of management who were hostile towards her, as well as on the basis that procedurally, Carter was not accorded due process. To those ends, I cross-examined each of the Company's witnesses—Al Salvato, Barry Horstman, Robert Kraft, Lisa Warren, Mike Philipps, and Paul Knue. I also called as the Union's witnesses Carter and Guild President John C.K. Fisher. I also introduced what I thought to be relevant documentation as Union exhibits, including documentation provided to me by Carter. I believe that the Guild and I put on the very best case we could on Carter's behalf and that I and the Guild more than fairly represented Carter before and during the arbitration proceeding.

13.     As is ordinarily the case, the Company and the Union agreed to submit post-hearing briefs to Professor Goggin. I researched and drafted a twenty-seven-page brief in support of Carter's position that the Company lacked just cause to discipline her. Attached as Exhibit 7 is a copy of my cover letter forwarding my brief to Professor Goggin as well as the Union's Post-Hearing Brief.

14.     Professor Goggin subsequently issued his decision denying the three grievances, finding that the Company did have just cause to discipline and discharge Carter. A copy of Professor Goggin's decision is attached as Exhibit 8. While Guild President John C.K. Fisher and I were disappointed with Professor Goggin's decision, I did not believe that an

action to set aside the award would be successful. I did not view Professor Goggin's decision as being based upon anything other than the testimony and documentation introduced at the arbitration.

FURTHER, AFFIANT SAYETH NOT.

Peter M. Fox

Sworn to and subscribed before me this _18th_ day of December, 2002.

Notary Public

KAREN S. ALLEN
Notary Public, State of Ohio
My Commission Expires August 9, 1899
2005

4

Subj:  **Resolution of Cases Concerning Ms. Carmen Carter**
Date:  Wed, 3 Jul 2002  3:03:45 PM Eastern Daylight Time
From:  IMPACTOH
To:    dholcombe@bakerlaw.com
Cc:    Froide,  Glomome

July 3, 2002


Mr. David Holcombe, Esq.
Baker & Hostetler, LLP
312 Walnut, Suite 2650
Cincinnati, Ohio 25202

        Re: Resolution of Cases Concerning Ms. Carmen Carter

Dear Mr. Holcombe:

I send this e-mail and fax as a means to establish a meeting date and time with the purpose of bringing mutually acceptable resolution of the cases (C-1-00-739 and C-1-00-977 USDC SD Ohio) filed by Ms. Carmen Carter against your client The E. W.  Scripps Company.

This opportunity for resolution was awarded you and Ms. Carter by Judge Herman J. Weber in his chambers on June 18, 2002. I spoke with your Secretary three times and once to your voice mail for the purpose of establishing a conference call between me, you and Ms. Carter to set a date for both sides to meet.

Ms. Carter has stated she can be available on Wednesday and Thursday, July 10 and 11, 2002, respectively, starting at 9:00 A.M. The Coalition of Neighborhoods has agreed that we may meet in their conference room located at 6566 Montgomery Rd., Suite 206. The building is in Kennedy Heights, at the corner of Kennedy Ave. and Montgomery Rd. The phone number there is 531-2676.

As IMPACT will be representing Ms. Carter in this meeting for the purposes of negotiations and support, you may reach me at 641-5446, IMPACTOH@aol.com, and/or 1823 Andina Ave., Cincinnati, Ohio 45237.

Sincerely,


Morris Williams
President

cc: Ms. Carmen Carter
    Judge Herman J. Weber



>

# U.S. District Court
## Southern District of Ohio (Cincinnati)
### CIVIL DOCKET FOR CASE #: 1:00-cv-00739-SAS-TSH

Carter v. E W Scripps Company
Assigned to: S Arthur Spiegel
Referred to: Timothy S Hogan
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1441 Petition for Removal- Labor/Mgmnt. Relatio

Date Filed: 09/06/00
Jury Demand: None
Nature of Suit: 720 Labor: Labor/Mgt. Relations
Jurisdiction: Federal Question

**Plaintiff**
------------------------

**Carmen Carter**

represented by **Carmen Carter**
419 Probasco Street
#7
Cincinnati, OH 45220
PRO SE

**Constance M Pillich**
Clodfelter & Gutzwiller - 1
36 E Fourth Street
Suite 1208
Cincinnati, OH 45202
513-621-5252
Fax : 513-345-3833
Email: cp60@fuse.net
*TERMINATED: 05/07/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Hugh Gutzwiller**
(See above for address)
*TERMINATED: 05/07/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
------------------------

**E W Scripps Company,** *Publisher of the Cincinnati Post and Kentucky Post*

represented by **Christie N Reilly**
Baker & Hostetler LLP
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074

513-929-3400
*TERMINATED: 03/06/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David G Holcombe**
Baker & Hostetler
312 Walnut Street
Suite 2650
Cincinnati, OH 45202
513-929-3400
Fax : 513/929-3402
Email: dholcombe@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffery L VanWay**
Baker & Hostetler LLP
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074
513-929-3400
Fax : 513/929-0303
Email: jvanway@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 11/14/2003 | 80 | USCA Case Number 03-4477 for 79 Notice of Appeal filed by Carmen Carter. (art, ) (Entered: 11/14/2003) |
| 11/05/2003 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 79 Notice of Appeal (art, ) (Entered: 11/05/2003) |
| 11/05/2003 | 79 | NOTICE OF APPEAL as to 77 Order Adopting Report and Recommendations, 78 Clerk's Judgment by Plaintiff Carmen Carter. Filing fee $ 255, receipt number 100420786. (Attachments: # 1 appeal fee receipt)(art, ) (Entered: 11/05/2003) |
| 10/17/2003 | 78 | CLERK'S JUDGMENT affirming order 77 entering judgment in favor of Defendant and against Plaintiff. (km, ) (Entered: 10/17/2003) |
| 10/17/2003 | 77 | ORDER ADOPTING REPORT AND RECOMMENDATION [74] The Court GRANTS Defendant's Motion for Summary Judgment [60] and terminates this case upon the Court's docket. Signed by Judge S Arthur Spiegel on 10/16/2003. (km, ) (Entered: 10/17/2003) |

| | | |
|---|---|---|
| 08/13/2003 | 76 | MEMORANDUM by defendant in opposition to [75-1] ( no pgs: 6) (ss) (Entered: 08/14/2003) |
| 07/30/2003 | 75 | MOTION by plaintiff for summary judgment ( no pgs: 7+) (wam) (Entered: 07/30/2003) |
| 07/28/2003 | 74 | REPORT AND RECOMMENDATION by Mag. Judge Timothy S. Hogan that motion for summary judgment [60-1] be granted and case be terminated off docket NOTICE: Parties have 10 days to file objections (cc: all counsel) ( no pgs: 11) (vp) (Entered: 07/28/2003) |
| 07/22/2003 | 73 | ORDER by Mag. Judge Timothy S. Hogan denying motion to compel discovery [53-1] (cc: all counsel) ( no pgs: 3) (wam) (Entered: 07/22/2003) |
| 07/22/2003 | 72 | ORDER by Mag. Judge Timothy S. Hogan DENYING motion to compel discovery re deft provide a complete response to pltfs first set of interrogatories [49-1] (cc: all counsel) ( no pgs: 1) (wam) (Entered: 07/22/2003) |
| 07/18/2003 | 71 | ORDER by Mag. Judge Timothy S. Hogan finding the motion to extend time 30 days to respond to dft's motion for summary judgment [62-1] MOOT. (cc: all counsel) ( no pgs: 1) (wam) (Entered: 07/18/2003) |
| 07/18/2003 | 70 | ORDER by Mag. Judge Timothy S. Hogan finding the motion to extend time in which to comply with court order re production of discovery documents [50-1] MOOT. (cc: all counsel) ( no pgs: 1) (wam) (Entered: 07/18/2003) |
| 06/11/2003 | 69 | MEMORANDUM by defendant in opposition to pltf's motion to take judicial notice [68-1] ( no pgs: 3) (wam) (Entered: 06/12/2003) |
| 05/29/2003 | 68 | MOTION by plaintiff for an order/to take judicial notice ( no pgs: 10) (wam) (Entered: 05/30/2003) |
| 04/14/2003 | 67 | REPLY by defendant to response to motion for summary judgment [60-1] ( no pgs: 14) (wam) (Entered: 04/15/2003) |
| 04/01/2003 | 66 | MEMORANDUM by plaintiff in opposition to dfts motion for summary judgment [60-1] ( no pgs: 30+) (wam) (Entered: 04/02/2003) |
| 03/21/2003 | 65 | NOTICE by plaintiff of change of address ( no pgs: 1) (wam) (Entered: 03/24/2003) |
| 03/10/2003 | 64 | REPLY by plaintiff to response to motion to extend time 30 days to respond to dft's motion for summary judgment [62-1] ( no pgs: 3+) (wam) (Entered: 03/11/2003) |

| 02/26/2003 | 63 | MEMORANDUM by defendant in opposition to pltf's emergency motion to extend time 30 days to respond to dft's motion for summary judgment [62-1] ( no pgs: 3) (wam) (Entered: 02/26/2003) |
| 02/20/2003 | 62 | EMERGENCY MOTION by plaintiff to extend time 30 days to respond to dft's motion for summary judgment ( no pgs: 3+) (wam) (Entered: 02/21/2003) |
| 02/12/2003 | 61 | REPLY by plaintiff to response to motion to compel discovery [53-1] ( no pgs: 15+) (wam) (Entered: 02/13/2003) |
| 01/31/2003 | 60 | MOTION by defendant for summary judgment ( no pgs: 18+) (wam) (Entered: 02/03/2003) |
| 01/31/2003 | | Deposition of Carmen Carter taken by dft (wam) (Entered: 02/03/2003) |
| 01/31/2003 | 59 | NOTICE by defendant of filing depo of Carmen Carter ( no pgs: 2) (wam) (Entered: 02/03/2003) |
| 01/30/2003 | 58 | ORDER by Mag. Judge Timothy S. Hogan denying plaintiff's oral motion to compel discovery (cc: all counsel) ( no pgs: 1) (wam) (Entered: 01/30/2003) |
| 01/17/2003 | 57 | CIVIL MINUTES: Proceeding before Mag. Judge Timothy S. Hogan; parties present by phone; pltf appeared pro se; informal discovery conf held; courts decision to follow; No Court Reporter present (cc: all counsel) ( no pgs: 1) (vp) (Entered: 01/23/2003) |
| 01/17/2003 | 56 | MEMORANDUM by defendant in opposition to pltfs motion to compel [53-1] ( no pgs: 5) (wam) (Entered: 01/21/2003) |
| 01/09/2003 | 55 | MEMORANDUM by plaintiff in support of emergency motion to extend time in which to comply with court order re production of discovery documents [50-1] ( no pgs: 2) (wam) Modified on 01/10/2003 (Entered: 01/10/2003) |
| 01/02/2003 | 54 | MEMORANDUM by plaintiff in support of emergency motion to extend time in which to comply with court order re production of discovery documents [50-1] ( no pgs: 2) (km) (Entered: 01/03/2003) |
| 12/26/2002 | 53 | FOURTH MOTION by plaintiff to compel discovery ( no pgs: 10+exh 1-14) (km) (Entered: 12/26/2002) |
| 12/03/2002 | 52 | REPLY by plaintiff to response to motion to compel discovery re deft provide a complete response to pltfs first set of interrogatories [49-1] ( no pgs: 6+) (km) (Entered: 12/05/2002) |
| 11/06/2002 | 51 | RESPONSE by defendant to motion to compel discovery re deft provide a |

| | | complete response to pltfs first set of interrogatories [49-1] ( no pgs: 6+exh A-E) (km) (Entered: 11/07/2002) |
|---|---|---|
| 10/31/2002 | 50 | EMERGENCY MOTION by plaintiff to extend time in which to comply with court order re production of discovery documents ( no pgs: 2+) (km) (Entered: 11/01/2002) |
| 10/18/2002 | 49 | MOTION by plaintiff to compel discovery re deft provide a complete response to pltfs first set of interrogatories ( no pgs: 4+) (km) (Entered: 10/21/2002) |
| 09/26/2002 | 48 | ORDER by Mag. Judge Timothy S. Hogan granting in part and denying in part motion to compel discovery [25-1] in accordance with the terms of this order, denying motion to clarify MJ Hogan's order of 5/7/02 regarding the granting of defts motion to compel discovery [33-1] [35-1], denying as moot second motion to compel discovery [36-1] (cc: all counsel) ( no pgs: 4) (km) (Entered: 09/26/2002) |
| 09/05/2002 | 47 | JOINT STATUS REPORT re mediation filed by parties (no pgs: 1) (km) (Entered: 09/06/2002) |
| 08/07/2002 | 46 | ORDER by Mag. Judge Timothy S. Hogan granting in part motion to extend discovery deadline [43-1] ; Discovery ddl extended to 12/31/02 (cc: all counsel) ( no pgs: 1) (km) (Entered: 08/07/2002) |
| 08/06/2002 | 45 | ORDER by Judge S. A. Spiegel granting motion for referral to mediation [42-1]; referring matter to mediation; mediation shall be concluded by 8/29/02; parties shall file a joint status report within seven days of the conclusion of mediation (cc: all counsel) ( no pgs: 1) (km) (Entered: 08/06/2002) |
| 08/05/2002 | 44 | NOTICE of hearing ; Settlement/Mediation conference set for 9:00 8/29/02 before Mediator John Williams Esq (cc: all counsel) (km) (Entered: 08/05/2002) |
| 08/02/2002 | 43 | MOTION by plaintiff to extend discovery deadline ( no pgs: 2) (km) (Entered: 08/05/2002) |
| 08/01/2002 | | Remark Action referred to mediation pursuant to phone conversation with vp. Order to follow. (ah) (Entered: 08/01/2002) |
| 07/25/2002 | 42 | MOTION by plaintiff for referral to mediation ( no pgs: 2+) (km) (Entered: 07/26/2002) |
| 07/19/2002 | 41 | RESPONSE by plaintiff to reply to memorandum regarding the order of MJ Hogan granting defts motion to compel discovery [33-1] [34-1] ( no pgs: 2+) (km) (Entered: 07/22/2002) |
| 07/19/2002 | 40 | REPLY by plaintiff to response to motion to clarify MJ Hogan's order of |

|  |  | 5/7/02 regarding the granting of defts motion to compel discovery [33-1] [35-1] ( no pgs: 5+) (km) (Entered: 07/22/2002) |
|---|---|---|
| 06/25/2002 | 39 | MEMORANDUM by defendant in opposition to motion to compel discovery [36-1] ( no pgs: 9+) (km) (Entered: 06/26/2002) |
| 06/25/2002 | 38 | REPLY by defendant to response/memorandum regarding the order of MJ Hogan granting defts motion to compel discovery [33-1] (no pgs: 3) (km) (Entered: 06/26/2002) |
| 06/25/2002 | 37 | RESPONSE by defendant to motion to clarify MJ Hogan's order of 5/7/02 regarding the granting of defts motion to compel discovery [33-1] [35-1] ( no pgs: 3) (km) (Entered: 06/26/2002) |
| 06/13/2002 | 36 | SECOND MOTION by plaintiff to compel discovery ( no pgs: 7) (km) (Entered: 06/13/2002) |
| 06/03/2002 | 35 | MOTION by plaintiff to clarify MJ Hogan's order of 5/7/02 regarding the granting of defts motion to compel discovery [33-1] ( no pgs: 3) (km) (Entered: 06/04/2002) |
| 06/03/2002 | 34 | RESPONSE/MEMORANDUM by plaintiff regarding the order of MJ Hogan granting defts motion to compel discovery [33-1] ( no pgs: 2+) (km) (Entered: 06/04/2002) |
| 05/07/2002 | 33 | ORDER by Mag. Judge Timothy S. Hogan granting motion to withdraw attorneys Robert Gutzwiller and Constance Pillich as counsel for plaintiff [12-1]; terminating attorneys Robert Hugh Gutzwiller and Constance M Pillich for Carmen Carter; pltf must secure substitute counsel within 60 days or proceed pro se; granting motion to compel discovery [23-1]; pltf is granted 30 days to respond to defts previously filed motion to compel (cc: all counsel) ( no pgs: 2) (km) (Entered: 05/07/2002) |
| 05/06/2002 | 32 | CIVIL MINUTES: Proceeding before Mag. Judge Timothy S. Hogan: hearing held 3:00 5/6/02 on motion to withdraw attorneys Robert Gutzwiller and Constance Pillich as counsel for plaintiff [12-1] and motion to compel discovery [23-1]; counsel for pltf and deft present; pltf present; arguments heard; the court orders motion to withdraw [12-1] granted and defts motion to compel discovery [23-1] granted; order to follow by 5/7/02; Court Reporter: Mary Ann Ranz (Official) (cc: all counsel) ( no pgs: 1) (km) (Entered: 05/07/2002) |
| 05/03/2002 | 31 | REPLY by plaintiff counsel to response by plaintiff to motion to withdraw attorneys Robert Gutzwiller and Constance Pillich as counsel for plaintiff [12-1] ( no pgs: 7+) (km) (Entered: 05/06/2002) |
| 04/29/2002 | 30 | REPLY by defendant E W Scripps Company to response to motion to compel discovery [23-1] ( no pgs: 3) (vp) (Entered: 04/30/2002) |

| 04/29/2002 | 29 | MEMORANDUM by defendant E W Scripps Company in opposition to pltfs motion to compel [25-1] ( no pgs: 5) (vp) (Entered: 04/30/2002) |
| 04/29/2002 | 28 | RESPONSE by plaintiff Carmen Carter to pltfs counsel for motion to w/draw [12-1] ( no pgs: 5+) (vp) (Entered: 04/30/2002) |
| 04/25/2002 | 27 | ORDER by Mag. Judge Timothy S. Hogan setting hearing on motion to withdraw attorneys Robert Gutzwiller and Constance Pillich as counsel for plaintiff [12-1] and motion to compel discovery [23-1] at 3:00 5/6/02; pltf is ordered to appear at hearing and present her position with respect to pltfs counsel motion to withdraw; the Clerk is directed to serve copy of order upon pltf and pltf counsel by certified mail (cc: all counsel) ( no pgs: 1) (km) (Entered: 04/25/2002) |
| 04/23/2002 | 26 | ORDER by Judge S. A. Spiegel granting Objections to Magistrate's Order [19-3] [20-1]; the Magistrate Judge's Order granting motion to withdraw [19-1] is hereby REVERSED and REMANDED; reinstating motion to withdraw attorneys Robert Gutzwiller and Pillich as counsel for plaintiff [12-1]; the Magistrate Judge is hereby directed to conduct a hearing with notice to plaintiff to appear and present her position to the court on this issue (cc: all counsel) (no pgs: 2) (km) (Entered: 04/23/2002) |
| 04/22/2002 | 25 | MOTION by plaintiff to compel discovery ( no pgs: 3+) (km) (Entered: 04/23/2002) |
| 04/22/2002 | 24 | RESPONSE by plaintiff to motion to compel discovery [23-1] ( no pgs: 5) (km) (Entered: 04/23/2002) |
| 04/15/2002 | 23 | MOTION by defendant to compel discovery ( no pgs: 4+exh A-E) (km) (Entered: 04/16/2002) |
| 04/09/2002 | 22 | CALENDAR ORDER by Mag. Judge Timothy S. Hogan ; Motion to compel filing ddl set for 4/15/02; memopp ddl set for 4/22/02; rply memo ddl set for 4/29/02; In-court hearing on motion to compel set for 3:00 5/6/02; Dispositive Mtn filing ddl set for 1/31/03; Discovery ddl set for 11/29/02 ; Final pretrial conf tentatively set for 5/03 before J Spiegel; Jury trial tentatively set for 6/03 trial term before J Spiegel , ; Pltf to produce Primary Expert reports ddl set for 9/30/02; Deft rebuttal for producing primary expert reports ddl set for 10/31/02 (cc: all counsel) ( no pgs: 1) (km) (Entered: 04/09/2002) |
| 04/08/2002 | 21 | CIVIL MINUTES: Proceeding before Mag. Judge Timothy S. Hogan ; Hearing on pltfs motion for request for hearing re defts request to dismiss case [17-1] held 2:00 4/8/02 ; counsel for defts present; pltf appeared pro se; atty Robert Gutzwiller appeared pursuant to companion case C-1-00-977; arguments heard; detailed calendar order to issue; Court Reporter: Linda Tuttle (Ace Reporting) (cc: all counsel) ( no pgs: 1) (km) (Entered: 04/09/2002) |

| 03/18/2002 | 20 | Objections to Magistrate's Order [19-3] by plaintiff Carmen Carter (km) (Entered: 03/18/2002) |
| --- | --- | --- |
| 03/07/2002 | 19 | ORDER by Mag. Judge Timothy S. Hogan ; Telephonic Prelim pretrial conf held 11:00 3/6/02 ; granting motion to withdraw attorneys Robert Gutzwiller and Constance Pillich for plaintiff [12-1] terminating attorneys Constance M Pillich and Robert Hugh Gutzwiller for Carmen Carter, granting joint motion to continue FRCP 26(f) Discovery Conference until the court has ruled on pending motion to withdraw attorney for pltf [16-1], granting motion for hearing on defts request to dismiss case for failure to prosecute [17-1], finding motion for hearing on motion to withdraw attorney [12-1] [14-1] moot, ; Telephonic oral hearing on defts request to dismiss case for failure to prosecute set for 2:00 4/8/02 before MJ Hogan (cc: all counsel) ( no pgs: 2) (km) (Entered: 03/07/2002) |
| 03/06/2002 | 18 | ATTORNEY SUBSTITUTION: terminating attorney Christie N Reilly for E W Scripps Company and substituting attorney Jeffery L VanWay ( no pgs: 2) (km) (Entered: 03/06/2002) |
| 03/04/2002 | 17 | MOTION by plaintiff for hearing on defts request to dismiss case for failure to prosecute ( no pgs: 1) (km) (Entered: 03/05/2002) |
| 02/13/2002 | 16 | JOINT MOTION to continue FRCP 26(f) Discovery Conference until the court has ruled on pending motion to withdraw attorney for pltf ( no pgs: 1) (km) (Entered: 02/13/2002) |
| 02/07/2002 | 15 | RESPONSE by defendant to motion to withdraw attorneys Robert Gutzwiller and Constance Pillich as counsel for plaintiff [12-1] ( no pgs: 4+exh A-D) (km) (Entered: 02/07/2002) |
| 02/01/2002 | 14 | MOTION by plaintiff for hearing on motion to withdraw attorney [12-1] ( no pgs: 1) (km) (Entered: 02/04/2002) |
| 01/31/2002 | 13 | NOTICE setting this action for Telephonic Preliminary PTC 11:00 3/6/02 before MJ Hogan (no pgs: 1) (cc: all counsel) (km) (Entered: 01/31/2002) |
| 01/14/2002 | 12 | MOTION by plaintiff counsel to withdraw attorneys Robert Gutzwiller and Constance Pillich as counsel for plaintiff ( no pgs: 3) (km) Modified on 01/14/2002 (Entered: 01/14/2002) |
| 01/04/2002 | 11 | ORDER by Judge S. A. Spiegel adopting REPORT AND RECOMMENDATION [10-1], denying motion to consolidate case with related action C-1-00-977 [6-1] (cc: all counsel) ( no pgs: 2) (km) (Entered: 01/04/2002) |
| 11/16/2001 | 10 | REPORT AND RECOMMENDATION by Mag. Judge Timothy S. Hogan that motion to consolidate case with related action C-1-00-977 [6-1] be DENIED; NOTICE: Parties have 10 days to file objections (cc: all counsel) ( no pgs: 5) (km) (Entered: 11/16/2001) |

| 11/08/2001 | 9 | ORDER by Mag. Judge Jack Sherman recusing himself from this matter and directing Clerk of Courts to reassign case to MJ Hogan (cc: all counsel) ( no pgs: 1) (km) (Entered: 11/08/2001) |
| 07/16/2001 | 8 | REPLY by plaintiff Carmen Carter to response to motion to consolidate case with related action C-1-00-977 [6-1] ( no pgs: 3) (vp) (Entered: 07/23/2001) |
| 07/03/2001 | 7 | MEMORANDUM by defendant in opposition to motion to consolidate case with related action C-1-00-977 [6-1] ( no pgs: 6) (km) (Entered: 07/03/2001) |
| 06/20/2001 | 6 | MOTION by plaintiff to consolidate case with related action C-1-00-977 ( no pgs: 3) (km) (Entered: 06/21/2001) |
| 05/08/2001 | 5 | ATTORNEY APPEARANCE for plaintiff by Robert Hugh Gutzwiller and Constance M Pillich ( no pgs: 2) (km) (Entered: 05/09/2001) |
| 09/12/2000 | 4 | ANSWER by defendant ( no pgs: 3) (km) (Entered: 09/12/2000) |
| 09/06/2000 |   | Filing Fee Paid: on 9/6/00 in the amount of $ 150.00, receipt # 408290. (km) (Entered: 09/06/2000) |
| 09/06/2000 | 3 | CERTIFICATE OF COMPLIANCE by defendant re notifying Clerk of Hamilton Cty Court of Common Pleas of removal of action to USDC for the S D of Ohio ( no pgs: 2) (km) (Entered: 09/06/2000) |
| 09/06/2000 | 2 | NOTICE from Court to pro se litigant on applicable court procedures ( no pgs: 2 with copy LR & Ct Proc) (km) (Entered: 09/06/2000) |
| 09/06/2000 |   | RETURN OF SERVICE executed upon defendant E W Scripps Company by personal service on 8/11/00 (km) (Entered: 09/06/2000) |
| 09/06/2000 | 1 | NOTICE OF REMOVAL from Hamilton Co Court of Common Pleas Court, Case Number: A0004831 (referred to Mag. Judge Jack Sherman ) (no pgs: 4+) (km) (Entered: 09/06/2000) |

# BAKER
&
## HOSTETLER LLP

COUNSELLORS AT LAW

SUITE 2650 • 312 WALNUT STREET • CINCINNATI, OHIO 45202-4074 • (513) 929-3400 • FAX (513) 929-0303

Writers Direct Dial: (513) 929-3402

E-MAIL: dholcombe@bakerlaw.com

# Confidential Mediation Statement

### August 22, 2002

## VIA HAND-DELIVERY

John Williams, Esq.
441 Vine Street
3615 Carew Tower
Cincinnati, Ohio 45202

> Re: *Carmen Carter v. The E. W. Scripps Company, Case No. C-1-00-739*
> *Carmen Carter v. The E. W. Scripps Company, Case No. C-1-00-977*

Dear Mr. Williams:

In accordance with the Court's Order of July 18, 2002, this letter sets forth the position of Defendant E.W. Scripps Company ("Scripps" or the "Company") with respect to the mediation that is scheduled to begin at 9:30 a.m. on August 29, 2002. The mediation will be held at the Potter Stewart United States Courthouse.

Although the Court's Order required Plaintiff to submit a written settlement demand to Defendant no later than August 15, 2002, Plaintiff did not submit her demand to Defendant until very late on August 21. This demand did not fully document Plaintiff's position, but rather was simply a resubmission of a demand Plaintiff made in April 2002. In accordance with the Court's Order, Defendant is hereby setting forth its position so that the Mediator might have a better understanding of the issues in these cases. This mediation statement is submitted for confidential mediation and settlement discussions only, is subject to any confidentiality agreements which might be entered into by the parties during the mediation process, and is not admissible evidence under Federal Rule of Evidence 408.

## I.    BACKGROUND FACTS

Scripps publishes the Cincinnati Post and Kentucky Post (hereinafter referred to collectively as "The Post"). Plaintiff was hired by The Post as a reporter in September 1987. At all times during her employment, Plaintiff was represented by the Cincinnati Newspaper Guild, Local 9 (the "Union") and was a party to a collective bargaining agreement between The Post and the Union.

John Williams, Esq.
August 22, 2002
Page 2

Throughout her career with The Post, Plaintiff experienced numerous performance related problems. These problems ultimately to her discharge in October 1999. Plaintiff's performance problems primarily involved the following types of misconduct:

1. Tardiness and unproductive use of her time;
2. Disrespectful, rude, and otherwise inappropriate conduct towards superiors;
3. Failure to adequately perform assignments; and
4. Failure to keep her supervisors informed of her activities.

While Plaintiff experienced several performance difficulties from 1987 through 1996, the majority of her performance issues began to surface in 1996 when Al Salvato became the Assistant City Editor with direct supervisory authority over Plaintiff. Over the next three years, Plaintiff compiled an abysmal attendance and tardiness record, and directed numerous episodes of abusive and inappropriate conduct towards Mr. Salvato. Ms. Carter was counseled, reprimanded, suspended for three days, suspended for five days and ultimately, discharged. This discharge, which was effective October 6, 2002, was the result of Plaintiff's prolonged performance deficiencies and misconduct, and her failure to respond appropriately to progressive discipline.

Plaintiff filed a grievance concerning her termination. This matter was pursued to arbitration by the Union, and a four-day hearing was held before Arbitrator Goggin in December 1999. Arbitrator Goggin, who is also a Professor of Law at Northern Kentucky University, issued his opinion on May 13, 2000, holding that Plaintiff's suspensions and termination were for just cause. A copy of Professor Goggin's decision is enclosed.

In June 2000, Plaintiff filed a charge with the EEOC alleging that her termination constituted race, sex, and disability discrimination. The EEOC dismissed Plaintiff's charge on August 24, 2000. On August 7, 2000, Plaintiff filed a Complaint in the Court of Common Pleas, Hamilton County, Ohio seeking to vacate the award of Arbitrator Goggin. This case was removed to federal court by Defendant (Case No. C-1-00-739 ("Carter I")), and is currently pending before Judge Spiegel.

On November 10, 2000, Plaintiff filed a Complaint against Scripps in the United States District Court for the Southern District of Ohio (Judge Weber), Case No. C-1-00-977 ("Carter II") alleging race, sex, and disability discrimination.

Plaintiff has previously submitted copies of both complaints to the Mediator. Defendant is hereby submitting copies of its answers in both cases.

## II.    PLAINTIFF'S ALLEGATIONS

In her Complaint in Carter I, Plaintiff alleges that Arbitrator Goggin's award should be vacated for three reasons. First, Plaintiff claims that Arbitrator Goggin was biased because, on isolated occasions in the past, he has been quoted in stories by The Post. Second, Plaintiff claims

John Williams, Esq.
August 22, 2002
Page 3

that the Arbitrator failed to consider pertinent evidence presented at the arbitration. Third, Plaintiff claims that the Union failed to adequately represent her at the arbitration. Plaintiff has not filed any claims against the Union.

In Carter II, Plaintiff urges the Court to ignore her numerous and well-documented performance deficiencies and misconduct, and asks the Court to believe that her suspensions and termination were the result of intentional discrimination against her by The Post because of her race (black), gender, and alleged disability (depression). In her Complaint, Plaintiff asserted that she is entitled to damages in excess of $3.8 Million Dollars.

## III.    THE COMPANY'S POSITION

Plaintiff's allegations of discrimination are without merit. Likewise, Plaintiff's claim that Arbitrator Goggin was biased against her and that his award should be vacated is also without merit. The evidence in this case shows clearly that Plaintiff was suspended and ultimately discharged as a result of her continued poor job performance and misconduct. At no time during Plaintiff's employment with The Post did she ever claim that she believed she was being treated unfairly due to her race, gender, or alleged disability. Moreover, Plaintiff never raised her sex or race discrimination claims to The Post or during the arbitration before Arbitrator Goggin. Similarly, Plaintiff's alleged disability had nothing to do with the reasons why The Post discharged her. To the extent that Plaintiff seeks to use her alleged disability to absolve her of responsibility for her tardiness, poor performance, and misconduct as a result of whatever issues she was having with her depression, such an argument is without merit. Plaintiff's problems with tardiness predated any depression experienced by Plaintiff. Moreover, Plaintiff never informed The Post about her depression until after her assault on Mr. Salvato. Finally, with regard to the events which triggered her termination, at no time did Plaintiff indicate that these issues were related to her alleged disability.

Likewise, there is no evidence that Arbitrator Goggin was biased against Plaintiff. During the four-day arbitration hearing, Plaintiff was afforded an opportunity to present evidence and witnesses. Arbitrator Goggin considered Plaintiff's evidence, but concluded in a well-reasoned opinion that Plaintiff's long history of poor performance and misconduct justified her suspensions and termination.

## IV.    SETTLEMENT DISCUSSIONS

Defendant's counsel had preliminary discussions with Plaintiff's former counsel in 2001 regarding the potential resolution of both Carter I and Carter II. During these discussions, Defendant's counsel emphasized that Plaintiff's claims were frivolous and without merit, but indicated that a modest settlement might be possible in order to save Defendant the time and expense of defending itself against these matters. Plaintiff's counsel committed that he would discuss these matters with Plaintiff. Shortly thereafter, Plaintiff's counsel withdrew from both cases. On April 2, 2002, Plaintiff sent a settlement demand to Defendant's counsel seeking in excess of $125,000 plus pension and medical benefits. Given  the magnitude of the demand,

John Williams, Esq.
August 22, 2002
Page 4

Defendant.  While Defendant remains willing to consider a settlement demand in order to save it from expending additional time and resources on these matters, Defendant vigorously denies Plaintiff's allegations, and believes that, if not resolved sooner, Plaintiff's claims will be dismissed on summary judgment.

We look forward to the opportunity to work with you on this matter, and appreciate your willingness to help the parties in their attempt to reach a satisfactory resolution

Very truly yours,

BAKER & HOSTETLER LLP

David G. Holcombe /by

David G. Holcombe

cc:    Ms. Carmen Carter
       Mr. Mike Philipps

**ADMREC**



**UNIVERSITY OF CINCINNATI HOSPITAL**
**ADMISSION RECORD**

MEDICAL REC

| ACCOUNT NUMBER | ADL CAT. | SOURCE | ADMIT DATE | ADMIT TIME | SERVICE | TEAM | UNIT | ROOM/BED | | MEDICAL REC |
|---|---|---|---|---|---|---|---|---|---|---|
| | EM | 1 | 080696 | | NURO | | PRE | 0000-00 | | 00000125 |

| PATIENT NAME | LAST | FIRST | MIDDLE | MAIDEN | | | SEX | RACE | MAR. ST. | AGE | BIRTHDATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CARTER, CARMEN | | | | | | | F | UN | U | 042 | 08-23- |

| ADDRESS | STREET | APT. | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| 2450 GRANDVIEW AVENUE | | | CINCINNATI | OH | 4520 |

| COUNTY | ADL. THROUGH | RELIGION | SOCIAL SECURITY NO. | TELEPHONE - HOME |
|---|---|---|---|---|
| HAMILTON | OTHR | | | 513/7515076 |

| NEXT OF KIN NAME | RELATIONSHIP | TELEPHONE - HOME | TELEPHONE - WORK |
|---|---|---|---|
| CARTER, MAE | MOTHER | 312/2686648 | |

| LOCAL CONTACT NAME | RELATIONSHIP | TELEPHONE - HOME | TELEPHONE - WORK |
|---|---|---|---|
| CARTER, MAE | MOTHER | 312/2686648 | |

| SYMPTOMS/DIAGNOSIS |
|---|
| INTRACTABLE COMPLEX PARTIAL SEIZURES |

| ATTENDING M.D. | RESIDENT M.D. |
|---|---|
| PRIVITERA, MICHAEL D | NOT, APPLICABLE |

| REFERRING PHYSICIAN/ADDRESS |
|---|
| |

| FAMILY DOCTOR (PRIMARY CARE PHYSICIAN)/PRACTICE SITE | | CITY | STATE |
|---|---|---|---|
| VICKERS, LEROY    2600 STRATFORD | | CINCINNATI | OH |

| U.H. ADMITS PAST TWELVE MONTHS | FROM | TO | FROM | TO | LAST OUTPT. VISIT | LAST E.D. |
|---|---|---|---|---|---|---|
| | | | | | | |

| ACCIDENT DATE | TIME | TYPE | PLACE |
|---|---|---|---|
| | | | |

| PATIENT EMPLOYER NAME | TELEPHONE | STREET | CITY | STATE |
|---|---|---|---|---|
| THE CINCINNATI POST | 5133522741 | 125 E COURT ST | CINCINNATI | |

| GUARANTOR NAME/HOME TELEPHONE | | SOCIAL SECURITY NO. | GUARANTOR EMPLOYER/TELEPHONE |
|---|---|---|---|
| CARTER, CARMEN | 5137515076 | | THE CINCINNATI POST   51 |

| CO. NO. | PLAN NO. | THIRD PARTY NAME/TELEPHONE | | | PLAN NAME |
|---|---|---|---|---|---|
| 31 | 099 | AETNA | | 800/8434112 | I/P AETNA MISCEL |
| | | | POLICY/CASE NUMBER | | EFFECTIVE DATE (FR |
| | | | | | 100185 |

| SUBSCRIBER/CASE NAME |
|---|
| CARTER, CARMEN |

| PLAN NOTES |
|---|
| |

| CO. NO. | PLAN NO. | THIRD PARTY NAME/TELEPHONE | | | PLAN NAME |
|---|---|---|---|---|---|
| 01 | 001 | SELF PAY | | 000/0000000 | I/P O/P SELF PA |
| | | | POLICY/CASE NUMBER | | EFFECTIVE DATE (FR |

| SUBSCRIBER/CASE NAME |
|---|
| CARTER, CARMEN |

| PLAN NOTES |
|---|
| |

| CO. NO. | PLAN NO. | THIRD PARTY NAME/TELEPHONE | | PLAN NAME |
|---|---|---|---|---|
| | | | / | |
| | | | POLICY/CASE NUMBER | EFFECTIVE DATE (F |

| SUBSCRIBER/CASE NAME |
|---|
| |

| PLAN NOTES |
|---|
| |

| SPECIAL INDICATORS |
|---|
| FACULTY PHYSICIAN PATIE |

PREADMIT BY

ADMIT BY

DISCHARGE DA

UH-97
REV. 10/91

MEDICAL RECORD COPY



RECEIVED

FEB 1 3 2004

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CARMEN CARTER                              CASE NO.  USCA 03-4477

      Plaintiff/Appellant

vs

THE E. W. SCRIPPS COMPANY

      Defendant/Appellee

### MOTION FOR JURISDICTIONAL REMAND

      Now comes the Appellant, Carmen Carter, pro se, to request that this Court grant her a limited remand of the pending appeal to the District Court to enable the same to decide the Motion to Vacate Judgment presently pending before the District Court.

      This limited remand is being requested in response to the Appellee's District Court Response in Opposition to the Motion to Vacate Judgment.

      Respectfully submitted,


      Carmen Carter
      419 Probasco Street Apt. 7
      Cincinnati, OH 45220
      (513) 751-5076

CERTIFICATE OF SERVICE

This is to certify that the undersigned has forwarded a copy of

the foregoing to the Defendant/Appellee's counsel, David Holcombe, Baker &

Hostetler, 312 Walnut Street, Cincinnati, OH 45202, via ordinary U.S. mail.

13 February 2004.

_Carmen Carter_
_____
Carmen Carter