UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CARMEN CARTER, | : | Case No. C-1-00-739 |
| Plaintiff, | : | (Judge Spiegel) |
| vs. | : | (Magistrate Judge Hogan) |
| THE E. W. SCRIPPS COMPANY | : | |
| Defendant | : | |

## DEFENDANT'S MEMORANDUM IN
## OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

In response to Defendant's Memorandum in Opposition to Plaintiff's Motion to Vacate Court Order ("Defendant's Memorandum"), Plaintiff has filed a Motion to Strike asserting that Defendant's Memorandum is improper and fails to address the standards of Rule 60 (b)(1). As explained in more detail below, Plaintiff's latest motion, like countless other motions that she has filed with this Court, and like her underlying claims, is without merit and should be denied.

I.     __RULE 12(f) DOES NOT APPLY TO DEFENDANT'S MEMORANDUM.__

While Plaintiff cites to Federal Rule of Civil Procedure 12(f) as the basis for her Motion to Strike, she fails to cite to any cases which support her position that Defendant's Memorandum should be stricken. In fact, Plaintiff's Motion to Strike is nothing more than a rehash of the same tired arguments that she previously made in opposition to Defendant's Motion for Summary Judgment and again in her Rule 60(b)(1) Motion. (Compare Doc. 87 with Docs. 66, 83).

"Motions to strike may only be made in relation to pleadings." Newsome v. Xenia City School District Bd. of Ed., 1996 U.S. Dist. LEXIS 20267 (S.D. Ohio March 25, 1996) (copy attached as Exhibit A), aff'd, 59 Fed. Appx. 716 (6th Cir. 2003). Pleadings include only "complaints, answers, replies to counterclaims, answers to cross-claims, third party complaints,

and third party answers". Id. Motions and memoranda in opposition are not pleadings and "therefore are not subject to motions to strike under Rule 12(f)." Id. at * 5-6. Moreover, a motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." Brown & Williamson Tobacco Corp. v. United States., 201 F.2d 819, 822 (6th Cir. 1953). Here, it is clear that Plaintiff has not asserted a proper basis for a Rule 12(f) motion and the Motion cannot properly be directed to Defendant's Memorandum in Opposition. Therefore, Plaintiff's Motion to Strike should be denied.

## II.    THE EQUITABLE FACTORS CITED BY PLAINTIFF DO NOT APPLY IN THIS CASE.

Plaintiff continues to cite to the equitable factors set forth in United Coin Meter Co. v. Coastline Railroad, 705 F.2d 839 (6th Cir. 1983) as support for her 60(b)(1) Motion. These factors do not apply because Plaintiff's Motion is not directed towards a default judgment. In this case, the Court did not grant Defendant's Motion for Summary Judgment because of any type of default by Plaintiff. In fact, Plaintiff responded to Defendant's Motion for Summary Judgment with a Memorandum in Opposition. Thus, the Court had the benefit of Plaintiff's arguments and fully considered the record in this case before granting Defendant's Motion and dismissing Plaintiff's claim on merits. As Defendant explained in its Memorandum, where summary judgment has been granted on the merits, the equitable factors raised by Plaintiff do not control and the Court considers the prejudice to Defendant that would result from the granting of Plaintiff's Motion. Burnley v. Bosch Americas Corp., 75 Fed. Appx. 329, 333 (6th Cir. Aug. 27, 2003) (attached as Exhibit C of Defendant's Memorandum).

As Defendant further explained at page 6 of its Memorandum, Defendant would be substantially prejudiced were the Court to grant Plaintiff's 60(b)(1) Motion and vacate its summary judgment decision in this case. Defendant has expended considerable resources defending against Plaintiff's meritless claims. Remarkably, Plaintiff claims that she is not

driving up Defendant's defense costs by continuing to file frivolous pleadings in this case. Plaintiff could not be more wrong. Every time Plaintiff files a pleading, Defendant must respond. This costs Defendant time and money and distracts Defendant from its business of publishing a newspaper. Defendant is now being forced to defend itself against Plaintiff's meritless claim in two separate courts. Not only must Defendant respond to the frivolous pleadings Plaintiff files in this Court, Defendant must also simultaneously defend itself before the Sixth Circuit against Plaintiff's appeal of this Court's summary judgment decision.

In her Motion to Strike, Plaintiff also inappropriately and in violation of the Civil Rules, includes references to confidential mediation communications, and has filed confidential mediation documents as part of the public record. This is wholly improper and Plaintiff should be sanctioned for her breach of confidentiality. Mediation of Plaintiff's claim was held because the Court ordered the parties to mediate Plaintiff's discrimination claim and her claim in this case. In the Magistrate Judge's Order, the Court specifically stated that the mediation discussions would be subject to Federal Evidence Rule 408. (See Notice of Mediation Conference, p. 2, attached as Exhibit B). Rule 408 provides that offers to compromise, as well as statements made in compromise negotiations, are not admissible. In addition, Local Rule 16.3 (c)(2) provides that all communications made during mediation are confidential and shall not be disclosed. Plaintiff's unauthorized disclosure of mediation communications and Defendant's confidential mediation statement constitutes a blatant disregard for the Orders and Rules of this Court. Defendant strongly urges this Court to remove Plaintiff's Motion to Strike from the public record and sanction Plaintiff for her misconduct.

Not only is it clear that Plaintiff's Motion to Strike and 60(b)(1) Motions should be denied due to the substantial prejudice that would occur to Defendant, it is also clear that even if

the Court applies the equitable factors cited by Plaintiff, denial of her Motions is still proper. Plaintiff claims that her failure to file objections should be excused by the Court because of her alleged depression.  Yet Plaintiff concedes that she was able to file numerous other documents with this Court and does not dispute that she knew how to ask for more time, has asked for more time in the past, and failed to do so here.  Plaintiff cites unconvincingly to <u>Williams v. Meyer</u>, 346 F.3d 607 (6th Cir. 2003), <u>United Coin</u>, and  <u>Amerinational Indus., Inc. v. Action-Tungsram, Inc.</u>, 925 F.2d 970 (6th Cir. 1991).  None of these cases support Plaintiff's argument in this case. <u>United Coin</u> and <u>Amerinational</u> are both cases which addressed whether it was appropriate to set aside a default judgment.  For example, in <u>United Coin</u>, the plaintiff was granted default judgment because the defendant failed to file an answer to the plaintiff's complaint.  Neither <u>United Coin</u> nor <u>Amerinational</u> involved a summary judgment decision that was issued on the merits or a plaintiff's failure to file objections to a magistrate's report and recommendation. Therefore, neither of these cases support Plaintiff's argument.

Likewise, <u>Williams</u> does not support Plaintiff's argument in this case.  While <u>Williams</u> did involve an inmate's failure to file objections to a magistrate's report, unlike Plaintiff in this case, the inmate requested additional time to file objections.  In holding that the inmate's conduct was not culpable, the Sixth Circuit specifically relied on the fact that the inmate had requested additional time, that he filed his objections with his 60(b)(1) motion, and that his objections "are not mere repetitions" of his previous arguments.  <u>Williams</u>, 346 F.3d at 614.  Plaintiff's conduct in this case is entirely opposite to that of the inmate in <u>Williams</u>.  Plaintiff did not request additional time to file objections.  And, when Plaintiff filed her Rule 60(b)(1) Motion, she did not attach her proposed objections to the Magistrate's Report (and still has not filed any proposed objections).  Furthermore, the arguments that Plaintiff has made in her 60(b)(1) Motion

are mere repetitions of arguments she previously made in response to Defendant's Motion for Summary Judgment. Therefore, because the instant case is entirely different that the situation posed in <u>Williams</u>, Plaintiff's 60(b)(1) Motion should be denied.

In addition, as discussed above, Plaintiff's Motion should be denied because granting her 60(b)(1) Motion will prejudice Defendant. Again, this is unlike the situation in <u>Williams</u>, as the respondent in <u>Williams</u> conceded that granting the inmate's 60(b)(1) motion would not cause it any prejudice. <u>Id.</u>.

As to the third equitable factor, whether Plaintiff has a meritorious claim, this issue has already been ruled upon by the Court. Summary judgment in this case was granted on the merits, and the Magistrate again recently found that Plaintiff's claims are without merit. (<u>See</u> Docs. 74, 77, 84). Plaintiff takes issue with this finding, implies that the Court did not mean what it said, and makes the ridiculous argument that her underlying claims were not even before the Court. A review of the Magistrate's Report, and the Court's Order dismissing Plaintiff's claims, reveals clearly that Plaintiff's underlying claim was considered and rejected by the Court. (<u>See</u> Docs. 74, 77). The Court's Order was made after the Court reviewed the arguments that both parties made with regard to Defendant's Motion for Summary Judgment and after it had the opportunity to review the record in this case.

In her Motion to Strike, and in her Rule 60(b)(1) Motion, Plaintiff continues to recycle the same arguments that she raised in response to Defendant's Motion for Summary Judgment. Among other things, Plaintiff claims that this Court does not have jurisdiction and that removal to this Court was improper. The time for filing a motion to remand to State Court has long since passed. More significantly, Plaintiff's argument that this Court does not have jurisdiction is contrary to well established precedent which holds that federal courts have jurisdiction to decide

issues involving interpretations of collective bargaining agreements.  See Allis Chalmers Corp. v. Lueck, 471 U.S. 202 (1985); Vargas v. Geolistics Americas, Inc., 284 F.3d 232 (1st Cir. 2002). In this case, Plaintiff claims that the arbitration award did not draw its essence from the collective bargaining agreement and that the parties violated the agreement by selecting Arbitrator Goggin.  These claims clearly required an interpretation of the collective bargaining agreement and gave rise to this Court's jurisdiction.

Therefore, because Plaintiff's claim is, as this Court has already held, without merit, and because the arguments that Plaintiff continues to recycle are arguments that this Court has already considered and rejected, Plaintiff's Motion to Strike and Rule 60(b)(1) Motion should be denied.

**III.    CONCLUSION.**

Defendant respectfully submits that it is time for this case to end once and for all. Plaintiff has had her day before this Court.  This Court has heard her arguments and has soundly rejected them.  Plaintiff's continuing motions are nothing more than a request that this Court review its summary judgment decision.  There is no basis for this Court to reconsider its Order or to grant relief to Plaintiff.  If, as Plaintiff contends, this Court erred in granting summary judgment, then Plaintiff's recourse is with the Sixth Circuit.  Plaintiff already has a pending appeal before the Sixth Circuit and will have an opportunity to state her case before that Court. This Court should not allow Plaintiff to litigate this case in two forums nor should it allow Plaintiff to continue to drive up Defendant's defense costs with her frivolous motions. Therefore, Defendant respectfully requests that this Court decline to exercise jurisdiction over Plaintiff's 60(b)(1) Motion and allow the appellate procedure to run its course.

Respectfully submitted,


/s/ Jeffery L. VanWay
David G. Holcombe (0025768)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3411
(513) 929-0303

Attorneys for Defendant,
The E. W. Scripps Company


## CERTIFICATE OF SERVICE

This shall certify that a true copy of the foregoing was filed electronically with the CM/ECT system and that a copy of the foregoing has been served upon Carmen Carter, Plaintiff Pro Se, 419 Probasco Street #7,  Cincinnati, Ohio 45220, by regular U.S. mail, postage prepaid, this 3rd day of March, 2004.


/s/ Jeffery L. VanWay
Jeffery L. VanWay


500065091

-7-