UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CARMEN CARTER, | : | Case No. C-1-00-739 |
| Plaintiff, | : | Judge Spiegel |
| vs. | : | Magistrate Judge Hogan |
| THE E. W. SCRIPPS COMPANY | : | |
| Defendant | : | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

**I.     INTRODUCTION.**

On July 24, 2003, Magistrate Judge Hogan recommended that Defendant's Motion for Summary Judgment be granted and that this case be terminated from the Court's docket. The Court affirmed the Magistrate's recommendation on October 16, 2003, and terminated this case from the docket. However, despite the closure of this case, Plaintiff continues to clog this Court's docket, and to needlessly increase Defendant's defense costs, by filing frivolous, meritless, and repetitive motions. Not content to wait for the Sixth Circuit to hear her case, Plaintiff has also filed a Motion to Vacate Court Order, a Motion to Strike Defendant's Response to Plaintiff's Motion to Vacate, and three separate requests for the Court to appoint counsel.[1]

On December 29, 2003, Plaintiff filed a motion seeking leave to appeal *in forma pauperis* and also seeking appointment of counsel. In an Order dated January 8, 2004, Magistrate Judge Hogan denied Plaintiff's Motion for Appointment of Counsel on the basis that Plaintiff's claims lacked merit. In this Order, the Magistrate Judge also noted that "Plaintiff is free to file motions in the Court of Appeals for the appointment of counsel." While Plaintiff has since filed a motion

---

[1] Plaintiff also filed a Motion with the Sixth Circuit seeking remand to this Court. This Motion was denied by the Sixth Circuit on May 4, 2004.

for the appointment of counsel with the Sixth Circuit, she has also twice filed motions with this Court requesting that the Court reconsider its denial of her motion for appointment of counsel. In her latest filing ("Plaintiff's Motion"), she requests an evidentiary hearing so that the Court can determine the propriety of appointing counsel. As explained in more detail below, there is no basis upon which to hold such a hearing, and Plaintiff's Motion should be denied.

II. **PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THIS COURT HAS ALREADY RULED ON HER MOTION, BECAUSE SHE HAS THE SAME MOTION PENDING BEFORE THE SIXTH CIRCUIT, AND BECAUSE HER UNDERLYING CLAIMS ARE FRIVOLOUS AND HER CHANCES OF SUCCESS ARE EXTREMELY SLIM.**

The Sixth Circuit has recognized that the decision as to whether to appoint counsel in a civil case is a decision within the discretion of the District Court. Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." Id. at 605-06 (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)) (internal citations omitted). In order to determine whether "exceptional circumstances" exist, courts consider both the type of case and the abilities of the plaintiff to represent herself. Id. at 606. This typically includes a review of the complexity of the factual and legal issues. Id. These exceptional circumstances do not apply, and "appointment of counsel pursuant to 28 U.S.C. §1915(d) is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim." Id. (internal citations omitted).

Plaintiff argues that exceptional circumstances exist in this case because she has no money to pay a lawyer and because every lawyer in town that she has spoken with has refused to take her case. Plaintiff also claims that her ability to represent herself in this case has been impacted by her alleged depression, and she then proceeds to reargue her claims regarding the credibility of one of Defendant's arbitration witnesses and the alleged bias of the Arbitrator.

2

## This Court Has Already Denied Plaintiff's Motion

As a threshold matter, Plaintiff's Motion should be denied because the Court has already denied this identical motion. In the Magistrate Judge's Order of January 8, 2004, the Magistrate Judge stated unequivocally that "Plaintiff's claims lack merit" and that her motion was therefore denied. Plaintiff's rehash of arguments that she previously made in opposition to summary judgment does not change this conclusion. The Court has already rejected these arguments. As a result, Plaintiff's remedy, if any, lies with the Sixth Circuit, and not this Court.

## Plaintiff Has Not Been Prejudiced By A Lack Of Counsel

Furthermore, Plaintiff has failed to demonstrate that her lack of counsel prejudiced her in this case. Plaintiff chose to file this case *pro se*. Later, she obtained counsel but this counsel withdrew as part of a fee dispute. Despite the lack of counsel, however, Plaintiff was able to file numerous motions with this Court, including Motions to Compel, a Motion for Summary Judgment, and a Memorandum in Opposition to Defendant's Motion for Summary Judgment. The Court accommodated her *pro se* status by granting her several extensions of time to comply with applicable deadlines and by not holding her to the same standards as represented parties. If, as Plaintiff now contends, her ability to prosecute this case was hampered either by her lack of counsel or her alleged depression, there is no reason why she could not have sought the appointment of counsel prior to the time that the Court granted summary judgment and terminated this case from its docket.

The cases cited by Plaintiff in support of her position are not applicable here as those were cases where the plaintiff proceeded to trial without counsel. See Flowers v. Turbine Support Division, 507 F.2d 1242 (5th Cir. 1975); Barnell v. Paine Weber Jackson & Curtis Inc., 577 F.Supp 976 (S.D. NY 1984). Here, of course, there is no trial and there are no further proceedings in this Court which require the appointment of counsel. Plaintiff has not come

forward with any claims of new evidence or of evidence that she was unable to present to the District Court. Rather, she reargues the same evidence which this Court has already considered and has found did not support her claims.

### With Or Without A Lawyer, Plaintiff Lacks Standing And Her Claims Lack Merit

As for Plaintiff's claims regarding arbitrator bias and witness credibility, even if the Court had not found such claims to be "without merit", such claims could not have served as a basis for vacating the Arbitrator's Decision. As this Court has already held, Plaintiff lacked standing to file this case. This lack of standing has nothing to do with her lack of counsel and renders the rest of her arguments moot.

Further, Plaintiff's tired arguments and evidence regarding Mr. Salvato and the charitable contributions made by The Scripps Howard Foundation to Northern Kentucky University, have been thoroughly reviewed and rejected by this Court. Because Plaintiff seeks to vacate an Arbitrator's Decision, this Court's inquiry is limited and the Court is not free "to delve into the merits of an arbitration award." United States Postal Service v. American Postal Workers Union, 204 F.3d 523, 527 (4th Cir. 2000). Determinations regarding the credibility of Mr. Salvato are solely for the arbitrator to make and cannot be the basis of a decision to vacate an arbitrator's award. (See Report and Recommendation, p. 12) ("However, an arbitration award may not be vacated simply because the arbitrator's ultimate conclusion or his credibility findings or his considered weighing of the evidence, both of which are important parts of the final decision, conflicts with what another fact-finder might have determined or what the plaintiff might have preferred").[2]

---

[2] It is also clear that Plaintiff, through the Union's counsel, was able to challenge the credibility of Salvato at the arbitration hearing. (See Report and Recommendation, p. 6) ("Counsel did challenge the credibility of Salvato, Plaintiff's chief accuser, by demonstrating that his testimony in some respects was inconsistent with documentary evidence.")

Likewise, Plaintiff's continuing misrepresentation regarding the relationship between Defendant, The Scripps Howard Foundation, and Northern Kentucky University, has already been considered and rejected by this Court. (See Report and Recommendation, p. 9) ("There is no proof that Chase College is or was ever a recipient of funds from the Foundation or that Professor Goggin was aware of such funding or that if he was, it had any influence on his decision in Plaintiff's case. Further, there is no evidence that Professor Goggin benefited from any of Defendant's contributions or that he would suffer any detriment if Defendant's funding ceased.").[3]

Therefore, because Plaintiff lacked standing to file her Complaint, and because her claims have been held to be "without merit," Plaintiff's chances of success were, at best, "very slim" and her Motion should be denied. Borkins v. Smiley, 2004 U.S. App. LEXIS 8310, *11 (6th Cir April 23, 2004) (holding that district court did not err by denying plaintiff's motion for appointment of counsel where plaintiff's complaint failed to state a claim) (attached as Ex. A).

## III.  CONCLUSION

This case is closed. Plaintiff's remedy, if any, is to petition the Sixth Circuit for review of this Court's Orders. She should not be allowed to continue to revisit issues that this Court has already decided. Defendant has a newspaper to publish, this Court has other cases to adjudicate, and Plaintiff's continued pursuit of this closed case interferes with both. If Plaintiff wants to pursue her meritless claims then she should do so before the Sixth Circuit. Defendant respectfully requests that this Court again instruct Plaintiff that this case is closed and that any

---

[3] Plaintiff claims that Defendant has subverted discovery in this closed case by failing to disclose contributions made by The Scripps Howard Foundation in 2003 to Northern Kentucky University. Plaintiff also cites, out of context, a clause from a letter from Defendant's counsel as further "support" for her argument that Defendant has refused to provide information regarding contributions to NKU. Both the newspaper article that Plaintiff attached as Exhibit 6, and the letter from Defendant's counsel attached as Exhibit 5, reference contributions made well after the arbitrator rendered his decision in this case. The arbitration in this case was held in 1999 and the arbitrator's award issued in 2000. Contributions made by The Scripps Howard Foundation in 2002 and 2003 are obviously not relevant to the issue of whether the arbitrator's May 2000 award was biased, as it is not possible for contributions which had not yet been made to have influenced his decision.

further filings will not be accepted until the Sixth Circuit has ruled on her pending appeal. Without such re-instruction, Defendant fears that Plaintiff will continue to clog this Court's docket with meaningless motions and to needlessly drive Defendant's defense costs up in the process.

Respectfully submitted,

/s/ Jeffery L. VanWay
David G. Holcombe (0025768)
Jeffery L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Attorneys for Defendant
The E.W. Scripps Company

## CERTIFICATE OF SERVICE

This shall certify that a true copy of the foregoing was filed electronically with the CM/ECT system and that a copy of the foregoing has been served upon Carmen Carter, Plaintiff Pro Se, 419 Probasco Street #7, Cincinnati, Ohio 45220, by regular U.S. mail, postage prepaid, this 14th day of May, 2004.

s/ Jeffery L. VanWay
Jeffery L. VanWay

500344284