REDDICK BORKINS, III, Plaintiff-Appellant, v. U.S. PostalService Employees: WILLIAM SMILEY, retired, Manager Human Resources; FRED BELUE, retired, Station Manager; SHIRLEY CONLEY, Occupational Health Nurse; CHARLOTTE A. GAINES, Human Resources; JANE DOE, Employee, Injury Compensation Section; Office of Workers Compensation Program Employees: AMY E. TOWNER, SupervisoryClaims Examiner; CATHY KAVAN and KAREN SPEHAR, Senior Claims Examiners; LAURA GUMENY, Claims Examiner; Veteran's Administration Medical Center Employees: MICHAEL K. SAMSON, Chief of Staff; EDWARD DORNOFF, Assistant Administrator; JOHN GRABOWSKI, Chief of Psychiatry; SHUJA HAQUE, Psychiatrist; LAURIE KARLE, Clinical Nurse; MARVIN DICK, retired, Risk Manager; and SUE WEIR, PatientAdvocate, all in their individual capacities, Defendants-Appellees, UNITED STATES OF AMERICA, Defendant.

No. 02-2373

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

2004 U.S. App. LEXIS 8310

April 23, 2004, Filed

NOTICE:

[*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

PRIOR HISTORY: ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN. 01-73324. Friedman. 09-17-02.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff former employee sought review of a decision of the United States District Court for the Eastern District of Michigan, which dismissed the employee's complaint asserted under Bivens against defendants, various workers and former workers of the United States Postal Service (USPS) and various federal agencies.

OVERVIEW: The employee contended that defendants unconstitutionally interfered with the employee's claims for workers' compensation benefits under the Federal Employees' Compensation Act (FECA), *5 U.S.C.S. §§ 8101*-8193. In his complaint, the employee alleged that defendants had conspired and purposely delayed his FECA claim, which resulted in the defeat of the claim and that he was prevented from effectively resorting to an administrative appeals process. The court held that the employee's claim for due process violations was properly dismissed because the employee had not demonstrated that defendants' actions violated due process. The employee had not shown that he was deprived of a meaningful post-deprivation remedy to the alleged improprieties because the employee could have appealed his claims from the Office of Workers' Compensation Programs to the Employees' Compensation Appeals Board, but failed to do so. The employee's equal protection claim also failed because the employee had not adequately asserted that he was a member of a protected group of disabled workers. The new equal protection claims, asserted for the first time on appeal, were not actionable.

OUTCOME: The court affirmed the decision of the district court.

CORE TERMS: postdeprivation, appointment of counsel, final decision, unfairness, fails to state, new evidence, interfered, wrongdoing, remanding, quotation, claimant, construe, bare, slim, equal protection claim, equal protection, reconsideration, cognizable

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Motions to Dismiss



Civil Procedure: Appeals: Standards of Review: De Novo Review
[HN1] The United States Court of Appeals for the Sixth Circuit reviews de novo a district court's dismissal of claims pursuant to *Fed. R. Civ. P. 12(b)(6)*. In deciding whether to grant a *Fed. R. Civ. P. 12(b)(6)* motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations of the plaintiff as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. The court may affirm the district court's dismissal on any ground supported by the record.

Constitutional Law: Procedural Due Process: Scope of Protection
[HN2] The Due Process Clauses of the Fifth and Fourteenth Amendments are analogous. The language and policies behind the Due Process Clause of the Fourteenth Amendment are essentially the same as those behind the Due Process Clause of the Fifth Amendment. Equal protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment.

Constitutional Law: Procedural Due Process: Scope of Protection
[HN3] An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

Administrative Law: Agency Adjudication: Review of Initial Decisions
Workers' Compensation & SSDI: Administrative Proceedings: Judicial Review
[HN4] claimant may appeal a final decision of the federal Office of Workers' Compensation Programs (OWCP) to the Employees' Compensation Appeals Board (ECAB). *20 C.F.R. § 10.625*. A claimant may file his appeal within ninety days of the final decision of the OWCP, or within one year if good cause is shown. *20 C.F.R. § 501.3(d)*.

Administrative Law: Agency Adjudication: Review of Initial Decisions
Workers' Compensation & SSDI: Administrative Proceedings: Judicial Review
[HN5] The Employees' Compensation Appeals Board (ECAB) has jurisdiction to consider and decide appeals from the final decision of the Office of Workers' Compensation Board (OWCB). The ECAB may review all relevant questions of law, fact and discretion in such cases. *20 C.F.R. § 501.2(c)*. The decisions of the ECAB clearly demonstrate its ability and willingness to reverse and remand OWCP decisions when it finds them to have been unfairly reached.

Constitutional Law: Equal Protection: Scope of Protection
[HN6] The Equal Protection Clause protects against intentional and arbitrary discrimination.

Civil Procedure: Pleading & Practice: Defenses, Objections & Demurrers: Motions to Dismiss
[HN7] Although the standard for *Fed. R. Civ. P. 12(b)(6)* dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.

Civil Procedure: Appeals: Reviewability: Preservation for Review
[HN8] Arguments that were not raised below may not be asserted on appeal.

Civil Procedure: Appeals: Standards of Review: Abuse of Discretion
Civil Procedure: Counsel
[HN9] The United States Court of Appeals for the Sixth Circuit reviews a district court decision denying a motion for appointment of counsel for abuse of discretion. The court overturns a district court's decision denying counsel only when the denial results in fundamental unfairness impinging on due process rights.

Civil Procedure: Counsel
[HN10] Appointment of counsel in a civil case is not a constitutional right and is not appropriate when a pro se litigant's claims are frivolous, or when the chances of success are extremely slim.

COUNSEL: REDDICK BORKINS, III, Plaintiff - Appellant, Pro se, Inkster, MI.

For SHIRLEY CONLEY, CHARLOTTE A. GAINES, AMY E. TOWNER, CATHY KAVAN, KAREN SPEHAR, LAURA GUMENY, EDWARD DORNOFF, JOHN GRABOWSKI, SHUJA HAQUE, LAURIE KARLE, SUE WEIR, WILLIAM SMILEY, FRED BELUE, JANE DOE, MICHAEL K. SAMSON, MARVIN DICK, Defendants - Appellees: Francis L. Zebot, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI.

JUDGES: BEFORE: COLE and GILMAN, Circuit Judges, and SCHWARZER, * Senior District Judge.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

OPINIONBY: William W. Schwarzer

OPINION: WILLIAM W SCHWARZER, Senior District Judge. Reddick[*2] Borkins, III challenges the dismissal of his Bivens n1 complaint alleging constitutional violations by officials of several government agencies. The gravamen of the complaint is that the defendants unconstitutionally interfered with his claim for workers' compensation benefits under the *Federal Employees' Compensation Act . 5 U.S.C. §§ 8101-93* ("FECA"). We have jurisdiction pursuant to *28 U.S.C. § 1291*, and we affirm.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - -

n1 *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971)*.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - -

Borkins is a former employee of the United States Postal Service ("USPS") and a veteran. In 1983, he filed a FECA claim alleging that postal employees had harassed and mistreated him. ultimately causing emotional illness. In his amended complaint in the district court, he alleged that the Department of Labor ("DOL") and USPS defendants "front-desked," or purposely delayed, his FECA claim and otherwise conspired to defeat[*3] it. He also alleged that they prevented him from effectively resorting to the FECA appeals process by (1) refusing to equitably toll the deadline for filing a request for reconsideration by the Office of Workers' Compensation Programs ("OWCP"), (2) prejudging his claim, (3) lying when challenging his claim, and (4) refusing to aid him in retrieving his medical records. He asserted that the Department of Veterans Affairs ("VA") defendants refused to provide him a medical opinion to support his request for reconsideration. The district court adopted the recommendations of the magistrate judge and granted the defendants' motion to dismiss. Borkins timely appealed.

DISCUSSION

[HN1] "We review de novo a district court's dismissal of claims pursuant to *Federal Rule of Civil Procedure 12(b)(6)*." *Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 451 (6th Cir. 2003)*. "In deciding whether to grant a *Rule 12(b)(6)* motion, we 'must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in[*4] support of his claims that would entitle him to relief.'" *Id.* at 451-52 (quoting *Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993))*. We may affirm the district court's dismissal on any ground supported by the record. *Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 394 (6th Cir. 2002)*.

The defendants argue that FECA's finality provision bars federal jurisdiction over the case, and that a Bivens remedy is inappropriate here in light of Congressionally-created regulatory schemes to handle claims against USPS, DOL and VA employees. We decline to reach these complicated questions because our holding that Borkins's complaint failed to allege cognizable due process and equal protection claims disposes of the appeal.

I. Due Process Claim

The heart of Borkins's complaint is his assertion that the various defendants violated his procedural due process rights by impeding his access to FECA's compensation mechanism. The complaint fails to state a cognizable procedural due process claim, however, because it does not demonstrate that the defendants' actions "contravened notions of due process. [*5] " *Thomas v. Cohen, 304 F.3d 563, 576 (6th Cir. 2002)*. n2

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - -

n2 Although the cases cited in this opinion construe the *Fourteenth Amendment's* restrictions on states, those cases are also authoritative when adjudicating a

*Fifth Amendment* claim against the federal government. See *United States v. Stewart, 306 F.3d 295, 308 n.2 (6th Cir. 2002)* (noting that [HN2] the *Due Process Clauses of the Fifth* and *Fourteenth Amendments* are "analogous"); *Medical Mut. v. DeSoto, 245 F.3d 561, 575 (6th Cir. 2001)* ("The language and policies behind the *Due Process Clause of the Fourteenth Amendment* are essentially the same as those behind the *Due Process Clause of the Fifth Amendment.*"); *Buckley v. Valeo, 424 U.S. 1, 93, 46 L. Ed. 2d 659, 96 S. Ct. 612 (1976)* ("Equal protection analysis in the *Fifth Amendment* area is the same as that under the *Fourteenth Amendment.*").

- - - - - - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - - -

[HN3]

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural[*6] requirements of the *Due Process Clause of the Fourteenth Amendment* if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson v. Palmer, 468 U.S. 517, 533, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984).* Borkins asserts that the defendants improperly interfered with the FECA claim process and intentionally disrupted or misapplied the FECA appeals process proscribed by law. He was therefore required under Hudson to show that the government provided no meaningful postdeprivation remedy for these alleged improprieties.

Borkins acknowledges that [HN4] a claimant may appeal a final decision of the OWCP to the Employees' Compensation Appeals Board ("ECAB"). See *20 C.F.R. § 10.625.* A claimant may file his appeal within ninety days of the final decision of the OWCP, or within one year if good cause is shown. *20 C.F.R. § 501.3(d).* Borkins failed to appeal his claims to the ECAB. To preserve his claim that the postdeprivation[*7] remedies provided by FECA were inadequate, Borkins must therefore show that the ECAB could not have remedied the alleged wrongdoing.

Borkins's only argument to this effect on appeal is his observation that the ECAB may not consider new evidence. That fact has no relevance, however, because Borkins need not have presented new evidence to the ECAB in order for the Board to review the alleged wrongdoing during the OWCP proceedings. [HN5] The ECAB "has jurisdiction to consider and decide appeals from the final decision of the [OWCP] ... The Board may review all relevant questions of law, fact and discretion in such cases." *20 C.F.R. § 501.2(c).* The decisions of the ECAB clearly demonstrate its ability and willingness to reverse and remand OWCP decisions when it finds them to have been unfairly reached. See, e.g., *In re Sacchetti, 2003 ECAB LEXIS 2692, 2003 WL 23170517 at *3 (E.C.A.B. 2003)* (reversing and remanding on finding that the OWCP procedures constituted "inherent unfairness"); In re Grossman, 2000 ECAB LEXIS 1654, *2000 WL 1677321* at *4-5 (E.C.A.B. 2000) (reversing and remanding on finding that OWCP procedures violated the Supreme Court's due process jurisprudence). [*8] Borkins could have made his complaints about the OWCP proceedings to the ECAB, and the Board could have reversed and remanded the case upon a showing of unfairness.

Borkins has, therefore, failed to provide any legally-sufficient attack on the complete postdeprivation remedy provided by the FECA scheme; the district court properly dismissed his claims alleging due process violations by the defendants.

II. Equal Protection Claim

Borkins's complaint also alleges equal protection violations. [HN6] The *Equal Protection Clause* protects against "intentional and arbitrary discrimination." *Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 145 L. Ed. 2d 1060, 120 S. Ct. 1073 (2000)* (per curiam) (quoting *Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445, 67 L. Ed. 340, 43 S. Ct. 190 (1923))*, but Borkins has not adequately alleged any such discrimination.

Borkins's complaint contains only bare allegations that the defendants' actions constituted "handicapped discrimination." Conclusory allegations like these are insufficient to avoid dismissal under *Rule 12(b)(6)*.

[HN7] Although [the] standard for *Rule 12(b)(6)* dismissals is quite liberal, more than bare assertions of legal[*9] conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal citations and quotations marks omitted). In Scheid, the "complaint merely stated that [plaintiff] was 'wrongfully discharged by the Defendant in violation of [state law]' and that this was 'discriminatory in nature.'" *Id. at 437*. We found "such unsupported assertions of legal conclusions ... insufficient." Id. Here, like the plaintiff in Scheid, Borkins has failed to allege "any facts suggesting that [disability] was a factor" in the defendants' actions. Id.

On appeal, Borkins introduces a new explanation of his equal protection claim: He asserts that the defendants' alleged misbehavior was retaliation against Borkins for exercising his *First Amendment* right to petition the government for redress. This account does not appear anywhere in Borkins's pleadings in the district court. [*10] Thus, because [HN8] "arguments that were not raised below may not be asserted on appeal." *PACAAR Inc. v. Telescan Techs., L.L.C., 319 F.3d 243, 258 (6th Cir. 2003)*, we decline to address it. See also *Young v. City of Mount Ranier, 238 F.3d 567, 576-77 (4th Cir. 2001)* (affirming dismissal because the allegations in the original complaint were insufficient to establish theories of liability asserted on appeal).

III. Motion to Appoint Counsel

Borkins also contends that the district court abused its discretion in denying his motion under *28 U.S.C. § 1915* for appointment of counsel. His claim is unavailing. [HN9] We review a district court decision denying a motion for appointment of counsel for abuse of discretion. See *Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993)*. We overturn a district court's decision denying counsel only when the denial results in fundamental unfairness impinging on due process rights. See *Reneer v. Sewell. 975 F.2d 258. 261 (6th Cir. 1992)*. [HN10] " Appointment of counsel in a civil case is not a constitutional right" and "is not appropriate when a pro se litigant's claims are[*11] frivolous, or when the chances of success are extremely slim." *Lavado, 992 F.2d at 605-06* (internal citations and quotation marks omitted). As discussed above. Borkins's complaint fails to state a claim on which relief may be granted. Thus, his chances of success were very slim. The district court did not abuse its discretion by denying the motion for appointment of counsel.

CONCLUSION

For the reasons stated, the district court's order is AFFIRMED.