FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 JUN 22 PM 3:53

CARMEN CARTER                    Case No. C-1-00-739

    Plaintiff                        Judge Spiegel

vs

THE E. W. SCRIPPS COMPANY

    Defendant

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL AND IN FORMA PAUPERIS STATUS

Now comes Plaintiff, Carmen Carter, prayerfully urging the Court to recognize the Plaintiff's right to appeal the Order denying the Plaintiff leave to proceed *in forma pauperis* and application for appointment of counsel. This right to appeal contravenes the Defendant's request that the Court order the Plaintiff NOT to file any more documents in this case.

The denial by a District Judge of a motion to proceed *in forma pauperis* is an appealable order, *Henry v Detroit Manpower Department*, 739 v.2D 1109; 1984 U.S. App. LEXIS 20299, citing *Roberts v U.S. District Court*

1

*for Northern District of California,* 339 U.S. 844 (1950). Denial of appointment of counsel is also appealable, *Henry v Detroit Manpower Department.*

The Plaintiff's filings (Plaintiff's Motion Appealing Magistrate's Order Jan. 8, 2004 Motion to Proceed In Forma Pauperis on Jan. 29, 2004; and Application for Appointment of Attorney Pursuant to 28 USC §1915(e)(1), on May 6, 2004) are Plaintiff's appeal efforts of the Order Jan. 8, 2004.

The E. W. Scripps Company filed no response to Plaintiff's Motion for Leave to Proceed In Forma Pauperis, nor the Appeal of the Order denying her *in forma pauperis* status. To ask the Court to appoint an attorney requires proof that the Plaintiff has made an effort to retain counsel and that but for destitution, would have retained counsel. This too is part of the appeals process. The Sixth Circuit is holding briefings in abeyance per the Plaintiff's request for the appointment of counsel in U.S. District Court. To now contend that the case is over and that the Plaintiff is obstructing the Court's business is ludicrous.

The E. W. Scripps Company wrongly argues that Plaintiff's Motion for the Appointment of an Attorney be denied because the Court has already ruled on the motion. The fact the Plaintiff is APPEALING an Order is not a

2

legitimate reason to deny the motion.

Contrary to the Defendant's contentions that U.S. District Court no longer has jurisdiction in this case -- not only does this Court have jurisdiction, but the Sixth Circuit openly recognizes this Court's jurisdiction to consider the Plaintiff's Motion to Vacate in its Order May 4, 2004:

> "If the district court is inclined to grant the Rule 60(b) motion, it may enter an order so indicating and at that point the appellant may file a motion to remand the case to district court." (exhibit 1)

The Plaintiff's Motion to Vacate the Defendant's default judgment remains before U.S. District Court. When the judgment is vacated, the Plaintiff shall require proper legal representation. The Plaintiff has much new evidence to present to the Court proving this award was attained through perjury. Title 9 permits vacatur of an award attained via fraud and corruption.

Magistrate Hogan denied Plaintiff's motion for appointment of counsel purportedly "for the reasons stated in the Court's order granting summary judgment for the defendant (Doc. 77), plaintiff's claims lack merit." However, the sound legal arguments raised in Plaintiff's Motion for Summary Judgment (Doc. 75) and Motion to Vacate were not before the Court when the Magistrate's Report and Recommendations was written. Hence, the Defendant's declaration that the Plaintiff's claims lack merit is vacuous.

3

By vitiating Plaintiff's claims with the characterizations "frivolous, meritless, and repetitive" and contending the chances of Plaintiff's success with or without an attorney are "extremely slim" - The E. W. Scripps Company evades the necessity of sound legal arguments. Although the Defendant asserts this suit states no claim upon which relief can be granted, they are in error. This suit explicitly seeks the vacatur of a tainted arbitration award and the remand to appropriately do the arbitration over again.

### PLAINTIFF'S CLAIMS SERVE THE ENDS OF SUBSTANTIAL JUSTICE

Title 28 USC §1915 is designed to insure indigent litigants have meaningful access to the federal courts and is in keeping with Congress' goal of assuring equality of consideration for all litigants.

The lenient standard for frivolousness under §1915 permits dismissal only if a petitioner cannot make a rational argument in law or fact, *Abner v SBC (Ameritech)*, 86 Fed. Appx. 958, 2004 U.S. App. LEXIS 2110 citing *Neitzke v Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989).

A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional". *Neitze v Williams*, at 327-28.

4

Merely paying the initial fee is hardly a legitimate indicator of the Plaintiff's financial circumstances. The Plaintiff seeks *in forma pauperis* status for any and all fees related to this case. The Court should take into account all relevant changes in Plaintiff's financial condition, both prior to and subsequent to the filing of the motion to proceed *in forma pauperis*. Paying the $255 was a hardship for the Plaintiff, who dipped into rent money and was subsequently forced to seek assistance from her church family to make up the difference. Lastly, it is not unusual for plaintiffs in the Sixth Circuit to seek *in forma pauperis* status AFTER paying the initial filing fee.

> "The statute contemplates that a person not a pauper at the commencement of a suit may become one during or prior to its prosecution. In fact, since one may not legitimately make such an application until he is a pauper, his application may not be denied simply because he made an initial decision to attempt to pay his own way."

*Flowers v Turbine Support Division*, 507 F.2d 1242 (5th Cir. 1975).

Further, "merit" is not the yard stick by which *in forma pauperis* status is granted.

> "...the Supreme Court has made it clear that merit or lack of merit is not the test. When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements ...are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case but in so doing it should clearly state the

5

grounds for such action."

Ragan v Cox, 305 F.2d 58 (10th Cir. 1962).

Under the standards of *Neitzke v Williams*, the Plaintiff qualifies for *in forma pauperis* status.

Conclusions by the Court that appointment of counsel be denied based on the Court's granting summary judgment for defendant (Doc. 77) "plaintiff's claims lack merit" are equally misplaced. Such conclusions overlook Plaintiff's Motion for Summary Judgment and Plaintiff's Motion to Vacate. Here are just a few reasons why counsel should be appointed.

(1) The Defendant defines this matter by the U.S. Supreme Court's 1985 ruling in *Allis-Chalmers Corp. v Lueck*, 471 U.S. 202 - which was superseded just three years later by the Supreme Court's *Lingle v Norge Division of Magic Chef, Inc.*, 486 U.S. 399. Lingle decided that a state law claim for an employee's wrongful discharge was NOT pre-empted by 301(a) of the Labor Management Relations Act, where no interpretation of the collective bargaining agreement is required. The Defendant insists the Plaintiff must have standing to challenge an arbitration decision, and that the Plaintiff must prove the Cincinnati Newspaper Guild failed to properly represent the Plaintiff in order to achieve standing. Not only is *Allis-*

6

*Chalmers Corp. v Lueck* superseded by *Lingle v Norge Division of Magic Chef, Inc.,* but Section 301 of the Labor Management Relations Act governs claims based directly on rights created by collective bargaining agreements.

The E.W. Scripps Company alleges in their Notice of Removal to U.S. District Court (Doc. 1) "...to the extent that Plaintiff's Complaint seeks to enforce the provisions of the labor contract in effect between Scripps and the guild, Scripps is entitled to remove this action because such allegations of a violation of a collective bargaining agreement between an employer and a labor organization in an industry affecting commerce, are covered by Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185."

The Plaintiff's complaint alleging inadequate counsel and arbitrator bias is not an effort to "enforce provisions of the labor contract in effect between Scripps and the Guild..." The Plaintiff's suit contains no "...allegations of a violation of a collective bargaining agreement between an employer and a labor organization..." as The E. W. Scripps Company contends in their Notice of Removal.

It is no accident that page three of the Magistrate's Report and Recommendations begins a section entitled "Defendant Lacks Standing". It is purely Freudian in nature. The Defendant has NEVER enumerated what

7

provisions of the contract Plaintiff's action enforces by seeking to vacate this tainted award. The E.W. Scripps Company reveals this was a baseless claim merely used to move Plaintiff's case when in Defendant's Motion for Summary Judgment (page 8, paragraph 2) the Defendant ADMITS:

> "...Plaintiff has not even alleged that The Post breached the terms of the collective bargaining agreement..."

There is no way for the Defendant to legitimately win this case without citing the alleged contract violations. **The E. W. Scripps Company is unable to meet the standards of *Allis-Chalmers* as a defense**. Worse still, the right to seek redress alleging judicial (arbitrator) bias and inadequate counsel representation are not rights *created* by the contract in question, but statutory/Constitutional rights. Hence, the Plaintiff is NOT required to have standing to pursue the vacatur of this tainted arbitration award.

(2) The failure of the Cincinnati Newspaper Guild to choose an arbitrator from the list of Federal Mediation and Conciliation Service arbitrators leaves the Plaintiff without redress over Arbitrator Edward P. Goggin's conduct. The FMCS requires all arbitrators to disclose. Arbitrator Goggin failed to disclose his prior contact with the Defendant and the Cincinnati Newspaper Guild failed to ask.

Arbitrator Goggin had not only been quoted in numerous articles published by the Defendant, he had prior to the Plaintiff's arbitration hearing, been arbitrator in an arbitration hearing in Memphis and found in favor of the Defendant. Goggin failed to disclose to the Memphis Newspaper Guild he had been quoted in The Cincinnati/Kentucky Post articles.

(3) As a result of Arbitrator Goggin's failure to disclose, the Plaintiff was deprived of the right to object to him sitting as arbitrator. The Code of Professional Responsibility for Arbitrators of Labor-Management Disputes, written and adopted in collaboration with the American Bar Association, the FMCS, the American Arbitration Association and National Academy of Arbitrators, requires arbitrators to disclose. Arbitrator Goggin is a member of the National Academy of Arbitrators and on the FMCS register of arbitrators.

(4) Substantial issues of due process result from the tainted arbitration award.

(5) The arbitrator exceeded his authority by ignoring the Federal Americans with Disabilities Act in manifest disregard of the law.

(6) The arbitration award does not emanate from the essence of the contract.

With counsel, Plaintiff's chances of success are actually very good, which is the real reason the Defendant lurks behind slurs avoiding legal arguments. The fact that the Court has once denied the Plaintiff's motion to proceed *in forma pauperis* and request for appointment of counsel is not reason enough to deny the Plaintiff's appeal. The Plaintiff meets the rational law or fact standards for *in forma pauperis* status under *Nietzke v Williams* and requests the Court re-consider appointing counsel.

### PLAINTIFF HAS BEEN PREJUDICED BY LACK OF COUNSEL

The Defendant's claims that the Plaintiff has adequately prosecuted this case are self serving. While The E. W. Scripps Company points out the Plaintiff has filed motions in this case, they omit mention that none of Plaintiff's motions to compel or Motion to Take Judicial Notice were successful. The E. W. Scripps Company also conveniently fails to acknowledge that the Plaintiff's illness (Major Depressive Disorder) kept her from responding to the Defendant's Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment or the Magistrate's Report and Recommendations.

The Defendant's claims that the Plaintiff has not been prejudiced by a lack of counsel are vacuous. It is a ludicrous allegation, since solely the

Plaintiff's illness and grief prevented any response to the Magistrate's Report and Recommendations. Had the Plaintiff been represented by counsel, The E. W. Scripps Company would not have a default judgment. But for the lack of counsel, the Plaintiff would have had the full benefit of discovery, since her own motions to compel were unsuccessful. Only because the Plaintiff did not have counsel was the Defendant's flimsy fraud of moving this case from state to federal court under false pretenses not discovered sooner. Solely because the Plaintiff was without an advocate was her response to the Defendant's motion for summary judgment not more fastidious. It is only because the Plaintiff did not have an attorney that she did not outright win this case on summary judgment. It is uniquely due to the Plaintiff not having counsel, both illness and grief -- that there was no response to the Magistrate's Report and Recommendations. Further, had the Plaintiff been aware she could have requested appointment of counsel sooner, she would have done so. To now contend a novice should have taken actions she was unaware even existed is preposterous.

    The Plaintiff reiterates that the Defendant subverted discovery, by drawing attention to footnote 3 in Defendant's Memorandum in Opposition to Plaintiff's Application for Appointment of Counsel. Rather than address

the issue Plaintiff raised -- namely that The E. W. Scripps Company failed to release the actual amount of money given to Northern Kentucky University in 2002 and 2003 -- the Defendant simply contends those contributions are not pertinent.

Citing statements from the Magistrate's Report and Recommendations does not avert the fact that the Defendant's conduct during discovery was nefarious. Despite the fact that the Defendant has a matching gift program, as evidenced by their website (exhibit 7, Plaintiff's Application for Appointment of Attorney Pursuant to 28 US 1915(e)(1)), the Defendant in response to Plaintiff's interrogatories claimed "...The Post does not keep records of grants, gifts or other payments made by individual employees."

While the Court is not free "to delve into the merits of an arbitration award" *(United States Postal Service v American Postal Workers Union,* 204 F.3d 523, 527 4th Cir. 2000) -- it can assess "how" it was attained and whether or not it was achieved through perjury, fraud or corruption under 28 U.S.C. Title 9. Such evidence was never presented to the arbitrator by the Cincinnati Newspaper Guild and has yet to be fully presented to the Court.

The Defendant wrongly cites *Borkins v Smiley*, 2004 U.S. App. LEXIS 8310, *11 (6th Cir. April 23, 2004), to justify why the Plaintiff's Motion for the Appointment of Counsel should be denied. In Borkins, the appellate Court held that district court did not err by denying plaintiff's motion for appointment of counsel where plaintiff's complaint failed to state a claim. The Defendant's innuendo that the Plaintiff fails to state a claim is baseless. The relief sought in this case has always been to vacate the tainted arbitration award (the default judgment on record) and to remand to re-do the arbitration properly.

The Defendant also wrongly cites *Lavado v Keohane*, 992 F.2d 601 (6th Cir. 1993) asserting a conclusion without any corroborating facts:

> "These exceptional circumstances do not apply, and 'appointment of counsel pursuant to 28 U.S.C. §1915(d) is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim.'"

Title 28 §1915(d) currently reads:

> "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."

The Plaintiff is seeking appointment of counsel pursuant to Title 28 USC §1915(e)(1) and her chances with counsel are better than average.

Despite the Defendant's claims that the Plaintiff's appellate efforts in U.S. District Court is running up their litigation costs -- The E. W. Scripps Company suffers no added expense. In their mediation statement, the Defendant took the posture that "...if not resolved sooner, Plaintiff's claims will be dismissed on summary judgment." With no incentive to seriously mediate a settlement, the Defendant committed defenses to the summary judgment/appeals phase, which is where this case currently is.

The E. W. Scripps Company has a pattern of disparately disciplining minorities and using alleged disciplinary actions/discrimination as a pretext to demote or discharge.

Alleging disparate treatment and discrimination in 1987, Myron Lowery Jr. won a $274,120 lawsuit against Scripps Howard Broadcasting (*Myron Lewis Lowery v WMC-TV*, 658 F. Supp. 1240; 1987 U.S. Dist. LEXIS 3013). In December 1999, Cheryl Dickson, an Emmy-award winning producer won a $1.25 million lawsuit, also accusing the Defendants of disparate treatment and discrimination (*Cheryl Dickson v Scripps Howard Broadcasting and WEWS-TV5*, Court of Common Pleas, Cuyahoga County, OH Case No. 328680).

This indicates that even when confronted with scathing countervailing

evidence, the propensity of the Defendant is not only to not settle the case, but rather to become entrenched in court. Clearly seen from such a vantage point, The E. W. Scripps Company's purported concerns over litigation costs are superficial.

Prayerfully, the Plaintiff requests the Court to recognize her right to appeal a Court order and deny the Defendant's request banning the Plaintiff from filing any documents in this Court. The Plaintiff further beseeches the Court's mercy and consideration to grant her *in forma pauperis* status and appointment of counsel.

Respectfully submitted,

*Carmen Carter*
Carmen Carter
419 Probasco Street #7
Cincinnati, OH 45220
(513) 751-5076

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served via hand delivery June 22, 2004, upon David Holcombe, Baker & Hostetler, 312 Walnut Street, Cincinnati, OH 45202 -- attorney for the Defendant, The E. W. Scripps Company.

*Carmen Carter*
Carmen Carter

15