UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER                                       Case Number: C-1-00-739

    Plaintiff                                             Judge S. Arthur Spiegel

vs

E. W. SCRIPPS COMPANY

    Defendant

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I, Carmen Carter, being first duly sworn, depose and say that I am the Plaintiff in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, costs or give security therefore, I state that because of my indigence I am unable to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to redress; and that the issues I wish to present are the following:

(1) All Orders the Court granted the Defendant because the Plaintiff was incapable of responding are based on nefariously false or misleading information from the Defendant.

(2) Plaintiff's claims serve the ends of substantial justice. Current law, *Lingle v Norge Division of Magic Chef, Inc.*, 486 U.S. 399 does not require the Plaintiff to have standing to challenge an arbitration award. The Defendant wrongly claims under *Allis-Chalmers Corp. v Lueck*, 471 U.S. 202 that the Plaintiff must have standing to challenge an arbitration decision and that the

Plaintiff must prove the Cincinnati Newspaper Guild failed to properly represent the Plaintiff in order to achieve standing. Not only is *Allis-Chalmers* superseded by *Lingle*, but Section 301 of the Labor Management Relations Act governs claims based directly on rights created by collective bargaining agreements. The Defendant acknowledges the Plaintiff is not alleging any violation of the contract in question. Because the Defendant cites no alleged contract violations the Defendant can not meet the standards of *Allis-Chalmers*.

(3) The arbitrator exceeded his authority by ignoring the Federal Americans with Disabilities Act in manifest disregard of the law in violation of the Federal Arbitration Act.

(4) The arbitration award does not emanate from the essence of the contract.

(5) The arbitration award was attained via perjury, a violation of the Federal Arbitration Act.

(6) The arbitrator failed to disclose he had been interviewed by the Defendant in several newspaper articles; He also failed to disclose he had been arbitrator only months earlier in another arbitration with the Defendant, in Memphis, in which he returned a decision in favor of the Defendant. The arbitrator failed to disclose to the Memphis Newspaper Guild that he had been quoted in articles published by The Cincinnati/Kentucky Post, owned by the Defendant.

(7) As a result of the arbitrator's failure to disclose, the Plaintiff was deprived of the right to object to him sitting as arbitrator. The Code of Professional Responsibility for Arbitrators of Labor-Management Disputes, written and adopted in collaboration with the American Bar Association, the Federal Mediation and Conciliation Service, the American Arbitration Association and the National Academy of Arbitrators – requires arbitrators to disclose. The arbitrator is a member of the

National Academy of Arbitrators and is on the FMCS register of arbitrators.

(8) Substantial issues of due process result from the tainted arbitration award.

I further swear that the statements made below relative to my ability to pay the cost of prosecuting the subject case are true:

1. I am not employed. I last worked for the United States Postal Service between July and October 2003 at $10 per hour for $400 per week before taxes.

2. I have not been self employed in the last 12 months, nor have I received income in interest or dividends. Intermittently between January and June 2003 I had assignments through the temporary secretarial agency Tempo Help Inc. (Chilicothe, Ohio) at an hourly rate ranging between $10 to $13 depending on the assignment. An assignment could be a few weeks or considered an indefinite assignment.

3. I do not have a savings account. I have a checking account with less than $100 in it.

4. I do not own any real estate, stocks, bonds or notes. I own a 1991 Mercury Topaz.

I receive $141 in Food Stamps monthly from Ohio Jobs and Family Services.

I have no dependents.

Early in 2003, I was evicted from the two-story townhouse, which had been my home for 12 years. I subsequently moved to a one-bedroom apartment. A series of documents relevant to this case were lost in the course of moving. Underemployment and unemployment, as well as the difficulty of managing this case and its sibling (C-1-00-977). I had just started an assignment with the U.S. Postal Sservice, when my father died in

July. Since then, the symptoms of clinical depression have been exacerbated and I have filed application for Social Security Disability and SSI.

I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

*Carmen Carter*

Carmen Carter

SUBSCRIBED AND SWORN TO before me this 2nd day of August 2004.

*Cara J. Crowe*

Cara J. CROWE, Notary Public, State of Ohio
My commission expires May 20, 2007

Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefore.

ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carmen Carter,
    Plaintiff

Case No. 1:00-cv-977

vs

The E.W. Scripps Company,
    Defendant

**ORDER GRANTING MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS***
(Hogan, M.J.)

    This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915. (Doc. 60). It appears from plaintiff's affidavit that she lacks the funds to pay the costs or give security for such costs in this appeal. The Court therefore grants the motion and hereby authorizes appeal of this action without prepayment of fees or costs.

    A copy of this Order shall be sent to the Clerk of the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Date: 1/20/2004

s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

J:\KLL\PLRA-6TH\00-977ifpnon-appeal.wpd