UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN CARTER, : NO. 1:00-CV-00739
:
    Plaintiff, :
:
v. : **ORDER**
:
E.W. SCRIPPS CO., :
:
    Defendant. :
:

    This matter is before the Court on Plaintiff's Motion to Vacate Court Order (doc. 83) and Defendant's Response in Opposition (doc. 85). Also before the Court is Plaintiff's Motion Appealing Magistrate Judge's Order of January 8, 2004 (doc. 86), and Motion to Proceed In Forma Pauperis (Id.). Finally, Plaintiff filed a Motion to Strike Defendant's Answer to Plaintiff's Motion to Vacate (doc. 87), to which Defendant responded (doc. 88).

    As an initial matter, the Court finds that it has jurisdiction to consider Plaintiff's Motion to Vacate despite the pendency of her appeal to the Sixth Circuit. First Nat'l Bank v. Hirsch, 535 F.2d 343 (6th Cir. 1976)(per curiam). The Court chooses to exercise its jurisdiction, as it finds it in the interests of justice to bring closure to this matter.

    The underlying claims of Plaintiff pertain to her discharge from employment with Defendant. Her dispute over the discharge was sent into arbitration. Plaintiff subsequently challenged the outcome of the arbitration in this Court. On July

28, 2003, the Magistrate Judge, after considering Plaintiff's arguments in opposition, found merit in Defendant's Motion for Summary Judgment (doc. 74). The Magistrate Judge therefore recommended that this Court grant summary judgment in favor of Defendant, thus upholding the arbitration as valid (Id.). On October 17, 2003, this Court adopted the Report and Recommendation of the Magistrate Judge, therefore dismissing the case (doc. 77). The Court found well-taken the Magistrate Judge's conclusion that Plaintiff had no standing to challenge the arbitration award, and that even if she did have standing, there is no issue of material fact relative to Plaintiff's claim that the union failed to provide her with fair representation, and therefore summary judgment in favor of the union would be appropriate if the union were made a party (Id.).

On December 29, 2003, Plaintiff filed her Motion to Vacate, challenging the Court's October 17, 2003 Order adopting the Report and Recommendation of the Magistrate Judge (doc. 83). Plaintiff seeks relief pursuant to Fed. R. Civ. P. 60(b) under the theory that circumstances in her personal life precluded her from filing objections to the Magistrate Judge's Report and Recommendation (doc. 83). Relying on <u>Amernational Industries Inc. v. Action-Tungsram, Inc.</u>, 925 F.2d 970 (6th Cir. 1991), Plaintiff argues that her conduct does not rise to "culpable," and therefore the judgment against her should be vacated (Id.).

2

Plaintiff now wishes to present a number of arguments on the merits of her case, and asks the Court to appoint her counsel through the Volunteer Lawyer Project (Id.).

Defendant argues that the Court should not exercise jurisdiction over Plaintiff's Motion, as her appeal is pending before the Sixth Circuit (doc. 85). Defendant argues that if the Court does exercise jurisdiction, it should find Plaintiff's Motion lacking in merit (Id.). Defendant argues that the record shows that Plaintiff requested a number of extensions in the past, and she could have asked for an extension of time to file her objections to the Magistrate Judge's Report and Recommendation (Id.). Defendant contends that Plaintiff has failed to set forth a proper basis for granting relief under Rule 60(b), and has failed to present any new arguments that the Court has not already considered and rejected (Id.). Defendant argues that the Magistrate Judge considered Plaintiff's arguments in opposition to its Motion for Summary Judgment before dismissing her claims on the merits (Id.). Defendant argues that in the instance of a default judgment the Court can consider equitable factors in determining whether excusable neglect justifies Rule 60 relief (Id.). However, argues Defendant, in this case there was no default judgment, but rather a determination on the merits (Id.).

Rule 60(b) of the Federal Rules of Civil Procedure provides the standard governing a motion for reconsideration.

3

> Rule 60(b) provides:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Fed. R. Civ. P. 60(b). Rule 60(b) specifies that in order to modify an order of a federal court, a party must show that judicial proceedings have been tainted by "mistakes, inadvertence, excusable neglect [or] extraordinary circumstances." See United States v. Universal Management Servs., Inc., 191 F.3d 750, 757 (6th Cir. 1999). Relief under 60(b) is "extraordinary and may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 679 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984); see also Williams v. Arn, 654 F. Supp. 241, 246-47 (N.D. Ohio 1987) (quoting same).

In this instance, the Court finds no exceptional circumstances shown justifying relief for Plaintiff under Rule 60(b). Plaintiff's "sole reason" that she failed to respond to the Magistrate Judge's Report and Recommendation is an illness that did

not keep her from filing her Response in Opposition to Defendant's Motion for Summary Judgment. The Magistrate Judge therefore considered the merits of her arguments, as did this Court in preparing its October 17, 2003 Order adopting the Report and Recommendation. The Court finds well-taken Defendant's argument that Plaintiff presently offers no new arguments, which have not already been addressed by Plaintiff in her Response in Opposition to Defendant's Motion for Summary Judgment. Moreover, Plaintiff relies on <u>Amernational Industries Inc. v. Action-Tungsram, Inc.</u>, 925 F.2d 970 (6th Cir. 1991), which pertains to a default judgment rather than to a judgment on the merits. Neither the law nor the equities in this instance require the Court to revisit its October 17, 2003 decision adopting the Magistrate Judge's Report and Recommendation.

Having thus ruled, the Court finds it unnecessary to reach the remaining pending motions on the docket. However, as Plaintiff is proceeding <u>pro se</u>, for the sake of clarity, the Court will very briefly address her Motion to Strike (doc. 87). The Court has reviewed such Motion and finds well-taken Defendant's position that Rule 12(f) does not apply to Defendant's Memorandum, that Plaintiff merely rehashes her previous arguments, and that Plaintiff relies on authorities pertaining to default judgments rather than to a judgment on the merits (doc. 88).

Accordingly, the Court DENIES Plaintiff's Motion to Vacate Court Order (doc. 83), DENIES Plaintiff's Motion to Strike Defendant's Answer to Plaintiff's Motion to Vacate (doc. 87), and

5

DENIES AS MOOT Plaintiff's Motion Appealing Magistrate Judge's Order of January 8, 2004 (doc. 86), and Motion to Proceed In Forma Pauperis (<u>Id</u>.). This case is closed.

SO ORDERED.

Date: July 14, 2004

<u>s/S. Arthur Spiegel</u>
S. Arthur Spiegel
United States Senior District Judge

## Orders on Motions

1:00-cv-00739-SAS-TSH Carter v. E W Scripps Company **CASE CLOSED on 10/17/2003**

### U.S. District Court

### Southern District of Ohio

Notice of Electronic Filing

The following transaction was received from km, entered on 7/15/2004 at 10:18 AM EDT and filed on 7/15/2004

**Case Name:**       Carter v. E W Scripps Company
**Case Number:**     1:00-cv-739
**Filer:**
**WARNING: CASE CLOSED on 10/17/2003**
**Document Number:** 92

**Docket Text:**
ORDER denying [83] Motion to Vacate Court Order, denying as moot [86] Motion Appealing Magistrate Judge's Order of 1/8/2004, denying [87] Motion to Strike Defendant's Answer to Plaintiff's Motion to Vacate. This case is CLOSED. Signed by Judge S Arthur Spiegel on 7/14/2004. (km, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=7/15/2004] [FileNumber=313243-0]
[875d93b1cc2f05b0138ba043fbc025944f55e11dfc44b85ffc63d69b5aae566334aa
ff62eb961dc3f91fc9430042540f6cba69c41ea70f8cd10bfaf5cc17ba1b]]

**1:00-cv-739 Notice will be electronically mailed to:**

David G Holcombe     dholcombe@bakerlaw.com,

Jeffery L VanWay     jvanway@bakerlaw.com, cfetters@bakerlaw.com

**1:00-cv-739 Notice will not be electronically mailed to:**

Carmen Carter
419 Probasco Street
#7
Cincinnati, OH 45220