Nos. 03-4477/04-3995

PH.......... ........ copy
..........ATE HOT YET ISSUED
Dis. Ct. # *00-739*

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
JAMES BONINI
CLERK

FILED

JUN 1 5 2005

LEONARD GREEN, Clerk

CARMEN CARTER,

    Plaintiff-Appellant,

v.

THE E.W. SCRIPPS COMPANY, Publisher
of the Cincinnati Post and Kentucky Post,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

O R D E R

1:00cv 739
Spiegel

Before: NORRIS and DAUGHTREY, Circuit Judges; JORDAN, District Judge.*

    Carmen Carter, an Ohio resident proceeding pro se, appeals the dismissal of her civil action which challenged her termination from employment pursuant to an arbitration award and also appeals the denial of a subsequent motion to vacate the district court's judgment. Carter also seeks the appointment of counsel on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    Carter filed this action against The Cincinnati Post (Post) seeking to vacate an arbitration award which affirmed her termination as a reporter for the Post. Following her termination, the Post and Cincinnati Newspaper Guild, Local 9 (Union) filed three grievances on Carter's behalf challenging two suspensions and her termination. Pursuant to a collective bargaining agreement, the parties were required to submit the grievances for arbitration. An arbitration hearing was held, which was conducted by a local law school professor whom the Union suggested. The Union was

_____

*The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

represented by a local attorney experienced in labor matters. The arbitrator determined that "the record supports the finding that the Employer had just and sufficient cause to suspend and terminate Carmen Carter." Carter then filed the instant action in the Ohio court of Common Pleas, seeking to vacate the arbitration award on the basis of arbitrator bias and the Union's breach of its duty of fair representation. The Post sought removal of the action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA).

A magistrate judge issued a report and recommendation wherein he advised the district court to grant the Post's motion for summary judgment. Carter failed to file objections to the magistrate judge's report and the district court granted summary judgment to the Post. The district court noted that Carter had been warned that her failure to file objections would waive any appeal. Nevertheless, the court also found that Carter lacked standing to bring the action and that even if she had standing, her claims were without merit. Thereafter, Carter filed a motion to vacate the district court's order, arguing that she was unable to timely file objections to the magistrate judge's report and recommendation for personal reasons. Construing Carter's motion as filed under Fed. R. Civ. P. 60(b), the district court determined that no exceptional circumstances existed to justify relief because her claims were considered on their merits. Carter now appeals, arguing that the district court erred when it determined that she did not have standing to bring an action to vacate the arbitrator's award and also argues the merits of her claims. Carter also filed a notice of appeal from the district court's order which denied her motion to vacate under Fed. R. Civ. P. 60(b). The cases have been consolidated for appellate review.

The district court did not err in granting summary judgment to the Post. On appeal, this court reviews a grant of summary judgment de novo. *See Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir. 1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

This court has ruled that a party waives its right to appeal an issue to the court of appeals if the party fails to object to the magistrate judge's report and recommendation within ten days of the filing date of the report, so long as the report informed the party of the consequences of such failure. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). This court has extended this rule to generalized objections and has applied this rule even when the party fails to specifically object to the magistrate judge's report and recommendation and the district court, nonetheless, conducts a de novo review of that party's claims. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).

In this case, Carter failed to file timely objections to the magistrate judge's report. Furthermore, Carter did not request an extension of time to file objections nor did she attempt to file objections in the two-and-a-half months between the filing of the magistrate judge's report and recommendation and the district court's order adopting the recommendation. Consequently, Carter has waived her right to appeal her claims.

Carter also argues that the district court erred in failing to grant her motion to vacate. An order denying a motion under Rule 60(b) is examined for an abuse of discretion on appeal. *See Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995). Moreover, "[a] party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule." *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993). Relief is available under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b).

The district court did not abuse its discretion when it denied Carter's Rule 60(b) motion. In her motion, Carter argued that a combination of suffering from clinical depression, eviction from her home and the death of her father rendered her incapable to file objections to the magistrate judge's report and recommendation and thus constitutes excusable neglect under Rule 60(b)(1). However, as noted by the district court, Carter managed to file a motion for summary judgment during the time of her alleged impairment. Consequently, the district court did not err when it failed to find Carter's neglect excusable.

Nos.  03-4477/04-3995
- 4 -

For the foregoing reasons, Carter's motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.


ENTERED BY ORDER OF THE COURT

_____
Clerk